[No. 9025.   Department One.   December 1, 1910.]

LEWIS CONSTRUCTION COMPANY, *Appellant*, v. KING COUNTY et al., *Respondents*.[1]

TAXES—PERSONAL PROPERTY — LIEN ON PROPERTY —TITLE —DISTRAINT. Under Rem. & Bal. Code, § 9235, providing that taxes assessed upon personal property shall be a lien thereon, regardless of transfers made, a vendee under a conditional sale, whereby the title to personal property remained in the vendor, cannot maintain an action to restrain the distraint of the property for personal property taxes, since it is immaterial who holds the title thereto, or to whom it was assessed.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 21, 1910, dismissing an action to restrain a levy to pay a tax on personal property, upon sustaining a demurrer to the complaint. Affirmed.

*Leander T. Turner* and *Sanford C. Rose*, for appellant.

*George F. Vanderveer* and *S. H. Chase*, for respondents.

[1]Reported in 111 Pac. 892.

Mount, J.—The lower court sustained a general demurrer to the complaint in this case.    The plaintiff elected to stand upon the allegations of the complaint, and the action was dismissed.    This appeal followed.

The only question in the case, as stated by the appellant, is whether the purchaser of personal property, upon an installment contract providing that title shall not pass until final payment has been made, shall be chargeable with personal property taxes levied upon such property when final payment has not been made.    We think a more accurate statement of the question is, whether such property is liable for taxes levied thereon.    The question arises under these facts, as alleged in the complaint:    In April, 1907, the appellant purchased four motors from the Westinghouse Electric & Manufacturing Company, for a stipulated price to be paid in installments.    The contract provided, among other things, the following:

"(4)    The property in and title to the apparatus and the right to use the same under the patents of the company, shall not pass from the company until all payments hereunder (including deferred payments and payments of notes and renewals thereof, if any) shall have been fully made in cash, and the apparatus herein specified shall remain the personal property of the company, whatever may be the mode of its attachment to the realty or other property, until fully paid for in cash, and the purchaser agrees to perform all acts which may be necessary to perfect and assure retention of title to the said apparatus of the company.    If default is made in any of the payments in the manner and form and at the time herein specified the company may retain any and all partial payments which have been made, as liquidated damages, and shall be entitled to the immediate possession of said apparatus and shall be free to enter the premises where such apparatus may be located and remove the same as its property, without prejudice to any further damages which the company may suffer by reason of the purchaser's refusal or failure to surrender the apparatus when so required.    (A re-sale of the apparatus herein specified or any part thereof or installation of the same, by the purchaser, as agent or contractor for another, shall not alter the effect and intent of the foregoing provisions, it

being understood that the company's rights may be enforced against the purchaser's vendee or principal the same as they might have been enforced against the purchaser if such re-sale or installation had not been made.)"

The word "company," as used in the foregoing quotation, refers to the Westinghouse Electric & Manufacturing Company, and the word "purchasers," therein used, refers to the appellant in this case. The motors were delivered to the appellant in January, 1908, and were then installed, and have been in the possession, control, and use of appellant ever since that time. Final payment was not due and was not made upon the contract until October 8, 1908. In the year 1908, the county assessor of King county requested C. S. Wiley, the manager of appellant, to prepare a list of assessable property of the appellant for assessment for that year. A verified list was prepared, which list did not include the motors above referred to. The assessor was informed of the contract between appellant and the Westinghouse Electric & Manufacturing Company, and also that final payment for the motors had not been made to that company. The county assessor thereupon assessed the motors to appellant. The total amount of the taxes levied against the appellant for all its property was the sum of $537.40, which amount included $87.23 on account of the motors. On March 2, 1909, the appellant tendered to the county treasurer of King county $450.17, in full payment of its taxes, and refused to pay the sum of $87.23 levied as taxes on account of the motors. The amount tendered included the penalty, interest, and costs against all the personal property of the appellant except the motors. The county treasurer refused to receive the tender in full payment of all taxes due, and threatened to distrain the motors and other personal property of the appellant to satisfy the taxes levied. This action was brought to restrain such threatened levy. The tender as above stated was paid into court.

Appellant makes two contentions, as follows: That a tax.

on personal property is a charge against the person and not against the *res*, and that the owner of personal property against whom the tax is charged is the person in whom the legal title rests at the time the assessment is made.   As bearing upon the first contention, the statute provides, at § 9235, Rem. & Bal. Code:

"The taxes assessed upon personal property shall be a lien upon all the real and personal property of the person assessed, from and after the date upon which such assessment is made, and no sale or transfer of either real or personal property shall in any way affect the lien for such taxes upon such property."

It is clear from this section that such tax is a charge against the property assessed from and after the assessment. It is not claimed that the property in question was not subject to assessment, or was wrongfully assessed, or assessed to any other person than the appellant, or that the taxes had been paid.   It follows that the property, being taxable, is liable for the taxes levied against it.   It is immaterial to the state whether the title to the property is actually in the appellant or some other person..   The collecting officer is authorized to pursue the property for the tax.   It is true that it is alleged that the officer is threatening to seize this and other property, but it is not shown or claimed, as we understand, that this property is insufficient to pay the taxes and costs levied against it, or that other property is about to be seized to pay taxes levied upon this particular property. The contention of appellant amounts to this : that taxes which should have been collected from the Westinghouse Electric & Manufacturing Company are being enforced against appellant.   But a complete answer to this is that the tax here sought is being enforced against the property assessed, which the statute, as we have seen, provides may be done.

Our conclusion upon this question makes it unnecessary to determine or discuss the question whether the assessment should have been made against the possessor or against the

owner of the legal title of the motors.    We are of the opinion, therefore, that the complaint failed to state a cause for restraining the sale of the motors, and the judgment of the lower court must be affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and PARKER, JJ., concur.