### In re OXLEY et al.

(District Court, W. D. Washington, S. D. April 28, 1913.)

#### No. 846.

BANKRUPTCY (§ 346\*)—TAXES—PRIORITY OVER EXPENSES OF ADMINISTRATION.
    Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), which requires the court to order the trustee to pay all taxes legally due and owing in advance of the payment of dividends to creditors, should be construed in accordance with equitable principles; and where taxes due a county are a lien on the property of a bankrupt, the greater portion of which has been taken to satisfy a mortgage, leaving no more than sufficient to pay the costs and expenses of administration, it is within the power of the court to require the county to resort to the mortgaged property.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. § 346.\*]

In Bankruptcy. In the matter of William A. Oxley and Thomas R. White, individually and as partners doing business as Oxley & White and as the McKinley Park Drug Company, bankrupts. On review of order of referee. Affirmed.

Lorenzo Dow and H. G. Fitch, both of Tacoma, Wash., for Pierce County.

Raymond J. McMillan, of Tacoma, Wash., for trustee.

CUSHMAN, District Judge. This matter is for decision upon a petition of Pierce County, Wash., for a review of the referee's order denying an application of the county for the payment of certain taxes for the years 1910 and 1911, to the exclusion of the costs of administration of the bankrupt estate.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The taxes have been lawfully assessed. If preferred to the costs and expenses of administration, nothing would remain of the estate for the payment of such costs and expenses, which equal or exceed the small amount remaining in the hands of the trustee. Eight-ninths of the property of the bankrupt was taken from the estate by the foreclosure of a mortgage—the estate consisting of a stock of drugs, and the only property remaining is cash in the trustee's hands realized upon the remaining one-ninth.

It must be presumed that the taxes were assessed equally against the entire estate—that taken upon the mortgage foreclosed as well as the remainder. It is not claimed that the county has lost its lien upon that portion of the estate taken under the mortgage; but it is contended, upon the part of the county, that its taxes should be paid out of the fund, in preference to anything else; that there is no obligation on its part to look beyond the fund in the trustee's hands.

The trustee relies upon the following authorities: State of New Jersey v. Lovell, 179 Fed. 321, 102 C. C. A. 505, 31 L. R. A. (N. S.) 988, 24 Am. Bankr. Rep. 562; In re Halsey Elec. Generator Co. (D. C.) 175 Fed. 825, 23 Am. Bankr. Rep. 401; Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, 4 Am. Bankr. Rep. 163; Collier on Bankruptcy, pp. 17, 18; Bispham's Principles of Equity, § 340.

The authorities on the general question of whether state and county taxes are to be preferred to the costs and expenses of administration do not appear to be uniform. Collier on Bankruptcy (9th Ed.) p. 889, B, and citations; City of Waco v. Bryan, 11 Am. Bankr. Rep. 485, 127 Fed. 79, 62 C. C. A. 79; State of New Jersey v. Lovell, 24 Am. Bankr. Rep. 562, 179 Fed. 321, 102 C. C. A. 505, 31 L. R. A. (N. S.) 988.

The bankruptcy statute directs the court, in making provision for the payment of claims, to order the trustee to pay all taxes "legally due and owing by the bankrupt to the United States, state, county, district or municipality, in advance of the payments of dividends to creditors." In construing this statute, no sufficient reason appears for disregarding principles of equity, which are to be applied generally in bankruptcy proceedings. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Collier on Bankruptcy (9th Ed.) 21, § B.

A familiar principle of equity is that of marshaling assets and securities. Where a creditor has a lien on two funds in the hands of the same debtor, and another creditor has a lien on one of them only, equity, on the application of the latter, will compel the former to make his debt out of that fund to which the latter cannot resort. 26 Cyc. 927; Bispham's Principles of Equity, § 340.

The county has one lien upon the property taken upon the mortgage and upon the property from which the trustee realized the money now in his hands, and, by virtue of the bankruptcy statute, upon the money so realized. Pierce's Code 1912, tit. 501, § 215; Rem. & Bal. Code, § 9235; Klickitat Warehouse Co. v. County, 42 Wash. 299, 84 Pac. 860; City of Puyallup v. Lakin, 45 Wash. 368, 88 Pac. 578; Lewis Cons.

Co. v. King County, 60 Wash. 694, 111 Pac. 892: The officers of this court have no rights beyond their claim upon the fund in the trustee's hands.

No reason, based upon any equitable principle, has been advanced why the county should not be required to first exhaust its remedy against the mortgaged property, before resorting to the trustee's fund. The fact that the property foreclosed upon and the fund in the trustee's hands have both passed from the debtor's control and are now in the possession of separate persons—the trustee acting merely in a representative capacity—does not appear to be a sufficient reason for taking this case out of the rule regarding the marshaling of assets and securities.

The referee's order will be affirmed.