[No. 13448.    Department Two.    August 29, 1916.]

SCANDINAVIAN AMERICAN BANK, *Respondent*, v.
KING COUNTY, *Appellant.*[1]

TAXATION—PERSONAL TAX—LIEN—PRIORITY—DESIGNATION — STATUTES. Under the rule that the power of the state to create a priority in aid of its taxing power is dependent upon positive statute without resort to construction, the lien on realty for personal property taxes does not attach until specific real property is selected by the county treasurer and properly charged on the rolls, and then only when the property charged is owned by the person owing the delinquent personal property tax; in view of Rem. & Bal. Code, §§ 9230, 9235, making taxes on real and personal property a lien on the specific property charged from the date of the assessment, and Id., § 9245, providing that to charge a personal property tax upon real property, the county treasurer must select for that purpose some particular tract or lots owned by the person owing the personal property tax in his tax roll and designate the particular tract or lots charged with the personal tax.

SAME. Under such statute, any lien on real property for personal taxes would be inchoate up to the time of the selection of the real property, and could only attach to the interest of the delinquent tax debtor at the time of its selection.

Appeal from a judgment of the superior court for King county, Jurey, J., entered January 24, 1916, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Alfred H. Lundin* and *Edwin C. Ewing,* for appellant.

*Ballinger, Battle, Hulbert & Shorts* (*R. W. Capps,* of counsel), for respondent.

[1]Reported in 159 Pac. 786.

CHADWICK, J.—The issue presented is whether a delinquent personal tax is a lien upon real property owned by the tax debtor at the time the tax was levied, but which was subject to a voluntary lien or had been conveyed to another prior to the time the county treasurer selected real property to be charged with the delinquent tax and noted the charge upon the tax rolls.

Many cases from other states are cited and discussed, but inasmuch as our decision must rest upon our own statutes, it will serve no purpose to review them.

The sections of the revenue laws pertinent to our inquiry are the following:

"All taxes and levies which may hereafter be lawfully imposed or assessed shall be and they are hereby declared to be a lien respectively upon the real estate upon which they may hereafter be imposed or assessed, which liens shall include all charges and expenses of and concerning the said taxes, which, by the provisions of this chapter, are directed to be made. The said lien shall have priority to and shall be fully paid and satisfied before any recognizance, mortgage, judgment, debt, obligation or responsibility to or with which said real estate may become charged or liable." Rem. & Bal. Code, § 9230.

"The taxes assessed upon personal property shall be a lien upon all the real and personal property of the person assessed, from and after the date upon which such assessment is made, and no sale or transfer of either real or personal property shall in any way affect the lien for such taxes upon such property." Rem. & Bal. Code, § 9235.

The state has an undoubted power to create a priority of lien in aid of its taxing power (*Carstens & Earles v. Seattle,* 84 Wash. 88, 146 Pac. 381), but the general rule is that such priority will not be indulged unless sustained by some positive statute; it will not be sustained by resort to construction. Cooley, Taxation (2d ed.), p. 444; *Central Trust Co. v. Third Avenue R. Co.,* 186 Fed. 291. Other cases are collected in Ann. Cas. 1913 B. at p. 521, under the title "Construction."

Taxes upon real property are made a lien upon the specific property charged, and taxes upon personal property are made a lien upon the specific personal property charged from and after the date of the assessment. Rem. & Bal. Code, §§ 9230, 9235, *supra*. It will be noted that the lien upon real property is made a lien, prior in time, over any existing or subsequent lien or incumbrance. Personal taxes are given no such priority of lien, either upon the specific property or upon real property then owned by the debtor (§ 9235), and under the rule cited, a purchaser of real property or an incumbrancer, if prior in time, takes the property or a lien upon it without liability to pay the amount of the delinquent personal tax. This is so, unless the right of the state to charge real property with a lien antedating a voluntary lien or incumbrance is found in § 9245, which is as follows:

"When it becomes necessary, in the opinion of the county treasurer, to charge the tax on personal property against real property, in order that such personal property tax may be collected, such county treasurer shall select for that purpose some particular tract or lots of real property *owned by the person owing such personal property tax,* and in his tax-roll *and* certificate of delinquency *shall designate the particular tract or lots of real property against which such personal property tax is charged, and such real estate shall be chargeable therewith"* . . . [Italics ours.]

Manifestly the lien for delinquent personal taxes does not attach to real estate prior to the time specific real property is selected by the county treasurer and he has charged it by proper entry upon the tax rolls, and then only when the property is owned by the person owing the delinquent personal property tax. Not until then is such real estate (real property *owned* by the person etc.) "chargeable therewith."

The very terms of the statute compel the conclusion that the tax is not a lien generally upon all property, but only upon such as may be thereafter specifically selected and charged. For the treasurer may not select and charge all

real property arbitrarily, but shall "select some particular tract or lots etc," (§ 9245).

But if we grant that a lien does exist, the county is in no better position for, up to the time of selection and charging, the lien is floating and inchoate. The lien attaches only to such interest as the delinquent tax debtor may have in the property at the time the charge is made by the county treasurer. At that time, the property charged was subject to an existing lien which has been foreclosed.

Counsel for appellant cites a number of our own decisions to sustain its contention that the state has asserted a general and continuing lien upon all property that is subjected to taxation. We are not called upon to decide whether the legislature has the power to create a general lien, or to continue it in some inchoate form. It is enough that, if it has done so, it has not saved a priority on real estate in favor of a personal tax as against a prior incumbrancer or a vendee whose interest in the property has attached prior to the time the real property to be charged is selected by the county treasurer and the part to be charged is so identified that it could be ascertained by one interested in the title.

The title, unencumbered by the tax, is in respondent, and the judgment is affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and BAUSMAN, JJ., concur.