[No. 17783.   Department Two.   August 29, 1923.]

WESTERN ELECTRIC COMPANY, *Plaintiff*, v. NORWAY PACIFIC CONSTRUCTION & DRY DOCK COMPANY, *Defendant.*

SOUTHWARK FOUNDRY & MACHINE COMPANY, *Appellant,* v. M. E. BARHAM *et al., Respondents.*[1]

TAXATION (56, 60)—PERSONAL PROPERTY—ASSESSMENT—LISTING AND VALUATION—STATUTES. Although Rem. Comp. Stat., § 11137, requires personal property to be listed and valued under thirty-six different classes, an assessment of mill machinery as belonging to one class is not invalid because it falls within three different classes.

SAME (104)—PERSONAL PROPERTY—LIEN—CLASSIFICATION OF PROPERTY. Under Rem. Comp. Stat., § 11272, taxes assessed upon personal property become a lien thereon, even if no particular classification of the property is given or statement made as to the title of the person to whom it is assessed.

SAME (111)—PAYMENT—LIEN—APPORTIONMENT OF TAX—POWERS OF COURT. Where property assessed for taxes is in the custody of the court under a receivership, the court, under its general equity powers, has authority to apportion the taxes between the owner to whom it was assessed and a conditional sales vendor of a portion thereof.

TRIAL (34)—EVIDENCE—RIGHT TO OBJECT—WAIVER. Objection that a party was denied the right to introduce its evidence cannot be urged by one who asked that the cause be continued to a day certain for that purpose, and who failed to then appear, or make any application to reopen the case until after the decision, a month later.

Appeal from an order of the superior court for King county, Ronald, J., entered May 20, 1922, apportioning personal property taxes upon property held by the

[1]Reported in 217 Pac. 1021.

receiver of an insolvent corporation, after a hearing before the court. Affirmed.

*S. H. Kelleran,* for appellant.

*Battle, Hulbert, Gates, & Helsell,* for respondent Barham.

*Thomas Balmer* and *Edwin C. Matthias,* for respondent Great Northern Railway Company.

*W. V. Tanner* and *John P. Garvin,* for respondent Duke.

FULLERTON, J.—The Norway Pacific Construction & Dry Dock Company is a corporation, organized as a ship-building concern, having its ship-building plant in the county of Snohomish. In the pursuit of its business it acquired a large quantity of tools, machinery and other equipment usually found in such concerns. A part of this equipment it purchased outright and a part it purchased on contracts of conditional sale. In the year 1920, the assessor of Snohomish county assessed the property of the corporation for the purposes of taxation, valuing the tools, machinery and equipment above mentioned at $80,000. The property was assessed in one lump sum, in the name and as the property of the corporation, no distinction being made between that to which it held absolute title and that which it held on conditional contracts of sale. In the year 1921, a like assessment was made, the value of the property in that assessment being $74,000.

On June 7, 1920, at the suit of a creditor of the corporation, a receiver was appointed of its property and effects, who duly qualified and has since been acting as such. After the appointment of the receiver, a controversy arose between him and the vendor in the conditional sales contracts as to the respective interest of the parties in the property sold under the contracts,

and an action had been instituted to determine their respective rights. While this action was pending, the sheriff of Snohomish county sought to distrain and sell the personal property of the corporation for the purpose of collecting the taxes levied on the assessments before mentioned, and was at the suit of the receiver temporarily restrained from so doing. The receiver thereupon petitioned the court for leave to sell the personal property of the corporation not in controversy in the action between the receiver and the vendor in the conditional sales contracts. This petition, after due notice and hearing, the court granted, using in the order the following language:

"It is further ordered that the said sale shall be made free and clear of all taxes, liens, mortgages, claims and demands thereon of every kind and character whatsoever, and that out of the proceeds of said sale there shall first be paid the expenses thereof, together with other expenses of administration, and that the balance of the proceeds shall be held by the receiver subject to any and all claims now asserted against the property, and that any and all such taxes, claims, liens and demands shall attach to the proceeds of said sale with the same force and effect as if upon the property itself, subject to the final order, judgment and decree of this court, or other court of competent jurisdiction, as to the validity, bona fides, extent and priority of such taxes, liens, mortgages, claims and demands."

After a sale of the property had been made in pursuance of the foregoing order, the receiver filed another petition in which he sought, among other forms of relief, an order of the court apportioning the tax levied by Snohomish county on the property in his possession, so that part of it held under the contracts of conditional sale should bear its just proportion of

the tax levied; the prayer of the petition with respect to this part of the relief asked being as follows:

"Providing that three competent and qualified persons be appointed to apportion all the personal property taxes due the state of Washington and the county of Snohomish out of the estate in the hands of said receiver to the several and separate items, pieces and parcels of said machinery and personal property, and directing said three persons jointly to report such apportionment in writing to this court, and upon confirmation thereof, providing that such apportionment shall be binding upon every person, firm or corporation or taxing authority interested therein; that such persons be paid a fee for their services, to be fixed by the court and to be paid by the receiver and by such other parties out of such monies as the court shall direct."

On the filing of the petition, the court issued an order directed to the parties interested to appear on April 14, 1922, and show cause if any they had why the prayer of the petition should not be granted. The order was served on the parties interested, among whom was the Southwark Foundry & Machine Company, who was vendor in certain of the contracts of conditional sale, and who was a party to the action above mentioned involving the status of the property so sold. This company appeared on the day appointed and demurred to the petition on the general ground that it failed to state facts sufficient to warrant granting the relief demanded. The demurrer was overruled, whereupon the receiver proceeded to introduce testimony on the question of the relative value of the assessed property held by the receiver under title absolute and that held under contracts of conditional sale. To this the Southwark Company objected, contending that it had not understood from the prayer of the petition and the language of the order to show cause that

the question to which the testimony was directed was to be heard before the court or to be heard at that time, and that it had not come prepared to meet it. After some colloquy, it was agreed that the testimony on the part of the receiver should then be heard, and the Southwark Company be given further time to introduce such testimony as it might desire. Certain testimony was thereupon taken on behalf of the receiver, after which the hearing was continued until April 17, 1922. At this time further testimony was heard on the part of the receiver, the testimony being then concluded on his behalf. The court, on the statement of counsel for the Southwark Company that he was not then prepared with his testimony, continued the cause until April 24th, stating that it hoped the Southwark Company would be ready with its testimony at that time. The record does not show that any appearance was made by the Southwark Company on the day appointed, and on May 18, 1922, the court filed its written findings and conclusions in the cause, and on the twentieth day of the same month filed its formal decree therein.

The findings of the court were, in their substance and effect, these: (1) That the tax chargeable to all of the personal property of the insolvent corporation for the year 1920, due to Snohomish county, is $5,904; (2) that the tax chargeable to all of the personal property for the year 1921, due to the county named, is $4,928.40; (3) that the property owned by the insolvent corporation in its own right at the time the taxes were imposed and the property held by it on contracts of conditional sale at those times were of equal value; and (4) that the receiver then had in his possession the sum of $13,817.65.

In its decree it ordered: (1) That the receiver pay

to the county of Snohomish one half the taxes for the years 1920 and 1921; (2) that the county of Snohomish be restrained from distraining any part of the property for the purpose of collecting the remainder of the tax until the litigation between the receiver and the Southwark Company be determined; (3) that, if the ownership of that property be finally adjudged to be in the receiver, the receiver pay to the county the remainder of the tax; (4) that, if the property be adjudged to be the property of the Southwark Company, then the receiver be released from further obligation on account of the tax; and (5) if only a part of the property in dispute is adjudged to be in the receiver, then the receiver pay such part of the tax as the value of the part recovered bears to the value of the whole. From this decree the Southwark Company appeals.

The appellant's first contention is that the assessment is void for a want of a proper listing of the property. In support of the contention the appellant cites § 11137, Rem. Comp. Stat. [P. C. § 6908], which requires personal property to be listed and valued under some thirty-six different classes as its character and situation may vary, and argues that the personal property herein listed falls within some three of these different classes, whereas it was valued as if it in reality belonged to one only. But we cannot conclude that this renders the assessment void. The statute is largely directory, and a substantial compliance therewith is sufficient to satisfy its directions. It is the policy of the law, so declared in the act itself, that all property subject to taxation shall be listed and assessed, and it is of more importance that this part of the act be complied with than it is that it be listed under the specific designation the legislative form prescribes. Moreover, the appellant was in no manner injured by

the error. If in the end it is required to pay a tax upon the property it claims, the tax will be no more or no less than it would have been required to pay had the listing and valuation been made in the manner in which it contends it should have been made.

It is argued further that if the tax is to be more than the mere personal obligation of the party to whom it is assessed, that if there is to be a lien upon the property, then a more particular classification than was here made is necessary to create a lien. But we think this contention likewise untenable. The statute declares (Rem. Comp. Stat., § 11272 [P. C. § 6979]), that taxes assessed upon personal property shall be a lien upon all of the property of the person assessed from and after the date on which the assessment is made, and we have heretofore construed the statute to render the property itself liable for the taxes assessed against it; that it is immaterial to the state whether the title to the property is in the person to whom it is assessed or is in another; that the property being taxable, the collecting officer is permitted to pursue the property for the tax. *Lewis Construction Co. v. King County,* 60 Wash. 694, 111 Pac. 892. Here the very property assessed was in the custody of the court. There were no claims of intervening subsequent purchasers. Other than that the receiver had taken possession of the property on the order of the court, there was no change of title or possession after the time the tax was levied. Seemingly, if the taxes could be a lien in any case, it could be so in this. There is nothing in the case of *Raymond v. King County,* 117 Wash. 343, 201 Pac. 455, contrary to the rule we here announce. In that case the taxes sought to be enforced against the specific property there in question were not taxes levied upon the specific property. That was a personal

tax against an individual, and it was sought to charge the property with the tax because the individual owing the tax once owned the property, although he had long since parted with its title and possession. This we held the county could not do, but plainly the case furnishes no ground for holding there is no specific lien in this instance.

The remaining question on the merits of the case is whether the trial court had authority to apportion the taxes. This, we think, it had under its general equity powers. The property is in the custody of the court. It has its custody for the purpose of distributing it to the persons to whom it rightfully belongs. If it appears that there is a general lien upon it, which in justice and equity ought to be borne by the entire property, clearly the court has the right and duty to provide that each proportionate part shall bear its just share of the lien. The lien of taxes does not differ in this respect from other liens. The fact that it is an involuntary lien imposed by the power of the state does not require a different rule. It exists as a fact, and in so far as the court is concerned it is just as much a general obligation as it would have been had it been created by the voluntary act of the owners of the property. Nor can we conclude from the fact that the property was assessed as the property of one of the owners that it creates a liability on the part of that owner as against the other to pay the entire tax. Had the property remained in his possession he could have protected himself against liability for the entire tax by surrendering to the distraining officer sufficient of the property he did not own to satisfy the taxes levied thereon. But the court by taking upon itself the administration of the property has denied him this right, and will do for him what he cannot now do for

himself.    It may be that had the appellant been able to show that, by agreement between it and the vendee in the contracts of conditional sale, the vendee was obligated to pay the taxes, a different result would follow.    But there is nothing to this effect in the record before us.

The appellant complains that it was denied the right to introduce its evidence.    Had it appeared on the day the court fixed for its appearance, and had then showed to the court that it was not ready to introduce its evidence and had asked that the cause be continued to a day certain for that purpose, we would be very much inclined to listen to the objection.    But it did not do this.    Nor did it, prior to the time the court announced its decision more than a month later, offer to produce its evidence, nor did it in its written application to re-open the case indicate either the nature of its evidence or the time when it would be ready to produce evidence.    This is not that diligence which authorizes the appellate court to grant relief on a matter of this sort which has been denied by the trial court.

The judgment is affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.