[No. 19123.   Department Two.   April 3, 1925.]

J. C. MINSHULL, *as Supervisor of Banking, et al., Appellants,* v. DOUGLAS COUNTY, *Respondent.*[1]

TAXATION (106)—PERSONAL PROPERTY—LIEN — PRIORITY — PRE-EXISTING MORTGAGE—STATUTES. Rem. Comp. Stat., § 11272, making a tax on personal property a specific lien on the property assessed from and after the date of the assessment, creates a lien superior to a prior mortgage thereon.

Appeal from a judgment of the superior court for Douglas county, Jeffers, J., entered December 16, 1924, upon sustaining a demurrer to the complaint, dismissing an action to recover taxes paid under protest. Affirmed.

*D. E. Twitchell,* for appellants.

*O. R. Hopewell* and *Crollard & Steiner,* for respondent.

HOLCOMB, J.—The complaint in this action alleges in brief that, on November 16, 1920, one Besel mortgaged to the now insolvent bank, which is in liquidation, certain described personal property consisting of

[1]Reported in 234 Pac. 661.

farm machinery and horses, to secure the payment of certain promissory notes, upon which there remains a large balance due; that thereafter Douglas county, through its proper officers, levied taxes upon the mortgaged property for the years 1921, 1922 and 1923, in the total sum of $261.36, all of which taxes were delinquent and unpaid on April 7, 1924; that, on that date, the bank foreclosed its mortgage by notice and sale, and the property was sold for $2,500; that its value did not exceed $2,500; that such proceedings were had that the sheriff of Douglas county seized the property under a distraint warrant issued by the treasurer of that county for the non-payment of the taxes aforesaid, and the taxes were collected from, and paid by, the bank to the sheriff under protest, he, the sheriff, well knowing of plaintiff's claim. Plaintiff demanded judgment in the sum of $261.36, the amount of the taxes paid under protest.

A demurrer to the complaint by respondent was sustained. Appellant electing to stand upon his complaint, the action was thereupon dismissed. In the court below, and here, appellants contend that a lien of taxes upon personal property becomes fixed from and after the date of assessment, and any mortgage on the personal property created prior to the date of the assessment of the personal property taxes has priority over any tax lien attaching to the personal property.

Section 11272, Rem. Comp. Stat. [P. C. § 6979], provides that, . . . "The taxes assessed upon personal property shall be a lien upon all the real and personal property of the person assessed, from and after the date upon which such assessment is made, and no sale or transfer of either real or personal property shall in any way affect the lien for such taxes upon such property."

Appellants therefore contend that the legislative intention to make the tax a paramount lien displacing a prior lien must be plainly expressed, since such a construction will not be favored; citing Cooley on Taxation (4th ed.), Vol. 3, § 1240; *Yeatman v. Foster County,* 2 N. D. 421, 51 N. W. 721; *Scandinavian-American Bank v. King County,* 92 Wash. 650, 159 Pac. 786.

There are other statutes indicating the legislative intention on the subject of tax liens, both on real and personal property, some of which are material, but not necessary to be here discussed. But one other has always been considered quite important in its bearing upon the subject, which is:

"All real and personal property now existing, or that shall be hereafter created or brought into this state, shall be subject to assessment and taxation for the support of the state government, and for county, school, municipal, or such other purposes as shall be designated by law, . . . " Rem. Comp. Stat., § 11097 [P. C. § 6883].

The *Scandinavian-American Bank* case, *supra,* relied upon by appellants, does not sustain them. In that case the question considered was whether the lien for personal taxes is a specific or general lien against the real property, under another statute providing for the fastening of the personal taxes upon the real property owned by the same person against whom the personal property taxes were assessed. We held that personal taxes were given no priority of lien either upon the specific property or upon the real property then owned by the debtor, as was given in the statute providing for the lien upon real property for the real property taxes over any existing or subsequent lien or incumbrance, prior to the selection of specific realty and shifting of the personal tax of the tax-debtor thereto; that up to

that time any lien for personal tax would be inchoate.

But we have always held, as in *Western Electric Co. v. Norway Pac. Const. & Dry Dock Co.,* 126 Wash. 204, that the statute, § 11272, *supra,* has always been construed to render the property itself liable for the taxes assessed against it; that it is immaterial to the state whether the title to the property is in the person to whom it was assessed or is in another; that all property being taxable, the collecting officer is permitted to pursue the property for the taxes. See, also, *Lewis Construction Co. v. King County,* 60 Wash. 694, 111 Pac. 892.

We also held in *Pennington v. Yakima County,* 127 Wash. 538, 221 Pac. 326, that, the above statute providing that the taxes assessed upon the personal property shall be a lien upon the real and personal property of the person assessed, the floating lien against all the personal property, *other than the particular property assessed,* does not become a fixed lien until the property is seized by the sheriff under other sections of the statute.

Finally, in *Wilberg v. Yakima County,* 132 Wash. 219, 231 Pac. 931, we reviewed and classified many of the former decisions construing the statutes providing for specific and general liens upon personal property, and held that the specific tax upon particular personal property, when traced and identified, may be collected from subsequent holders in whose hands it is found.

Under the various statutes and under our own decisions, it is manifest that the personal property tax is a specific lien against the specific property assessed; that the assessed personal property may be followed into the hands of a transferee and the assessed taxes collected. If it may be followed into the hands of a transferee and the tax collected, much more so may

it be followed into the hands of a mere incumbrancer, even though the incumbrancer has a contract lien antedating the assessment of the taxes.

We hold, as the trial court did, that the lien for personal property taxes against the personal property actually assessed for the tax is superior and paramount to a pre-existing mortgage on the same property.

The demurrer to the complaint was, therefore, properly sustained and the action dismissed.

Affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MITCHELL, JJ., concur.