[No. 21339.   Department Two.   November 8, 1928.]

LAHN & SIMONS, *Plaintiff*, v. MATZEN WOOLEN MILLS,
*Defendant*, KING COUNTY, *Appellant*.[1]

*Ewing D. Colvin* and *Harry A. Rhodes,* for appel-
lant.

[1]Reported in 271 Pac. 830.

*Clarence L. Gere* and *George F. Vanderveer,* for respondents Matzen *et al.*

*Wright, Froude, Allen & Hilen,* for respondent Woolen Industries.

*Chadwick, McMicken, Ramsey & Rupp* and *McClure & McClure,* for respondents Rowe *et al.*

FRENCH, J.—In February, 1927, receivers were appointed for the Matzen Woolen Mills, a corporation, which had theretofore been operating a large plant in King county. The outstanding òbligations of the woolen mills consisted of a bond issue in the amount of $171,000, certain real and personal property taxes due King county, and certain labor claims. Practically all of the property of the Matzen Woolen Mills was covered by the lien of a mortgage given to secure the bond issue. That portion of the property which was not covered by the mortgage was, under order of the court, sold; and as to that part of the property covered by the lien of the mortgage, a committee representing the bond holders in open court submitted a bid to the receivers on all of the property covered by the mortgage. The bid provided:

"The properties above mentioned shall be transferred and conveyed to the undersigned, free of all liens and incumbrances, except as follows: 1. Same shall be transferred and conveyed, subject to any and all real and personal taxes upon the property transferred and conveyed to the undersigned. . . . But the undersigned do not assume and agree to pay said obligations."

The material parts of the order of the court accepting the bid were as follows:

"That said bid is the highest and best bid and offer that can be obtained for the properties offered for sale, and that the receivers have sold said properties

to the bidders, or their nominee or nominees, pursuant to the terms of said bid; subject to confirmation It Is Ordered:

"(1) That said sale be and the same is hereby confirmed, and that the receivers are hereby authorized and directed, on receipt of the purchase price, to transfer and deliver such properties to the bidders, or their nominee or nominees, and execute and deliver such instruments of transfer and conveyance as may be proper in the premises."

The bill of sale, which was executed early in June, 1927, contained the following provisions: that the property is transferred

" . . . free of all liens and incumbrances except as follows: (1) The properties are hereby transferred and conveyed subject to any and all real and personal taxes thereon."

The bondholders' committee or their successors in interest have paid to King county all of the taxes, both real and personal, levied upon the property purchased by them. There was, however, at the time of the appointment of the receivers, some three thousand dollars of personal property taxes, due from the Matzen Woolen Mills, levied upon property which had been sold and disposed of or used in the ordinary course of business by the Matzen Woolen Mills long prior to the date of the receivership. All the personal property taxes levied upon the property which actually came into the hands of the receivers have been paid, and this controversy arose over personal property taxes due from the Matzen Woolen Mills on property which never came into the hands of the receivers.

Early in 1928, the lower court allowed the expenses of the receivership and the labor claims, and directed payment thereof, and we gather from the record and from the briefs filed herein that the payment of these various amounts will exhaust the fund in the hands of

the receivers. The court also held that this fund was not subject to the claim of King county for personal property taxes.

In April, 1928, the sheriff of King county distrained a portion of the personal property conveyed by the receivers to the Woolen Industries, Incorporated, to enforce the payment of the unpaid portion of the personal property taxes, and application was made to the court for an order quashing the notice of distraint and levy, and enjoining the various officers from any further levy or distraint upon any of the property purchased by the Woolen Industries, Incorporated; and this relief was granted. The county has appealed from the various orders and judgments affecting its interests.

■ The law relative to taxation as applied to personal property has been well stated by this court in the following language:

"(1)   The amount of the tax is the personal obligation of the person who owned the property at the time of the assessment, which time, we have determined in *Klickitat Warehouse Company v. Klickitat County,* 42 Wash. 299, 84 Pac. 860, and *Puyallup v. Lakin,* 45 Wash. 368, 88 Pac. 578, is the time of the listing of the property by the assessor;

"(2)   That the tax is to be collected, if such property still continues in the hands of the person against whom it was assessed, from such property;

"(3)   If that specific property does not exist in such hands, the amount of the tax may be collected as a lien upon all the real and personal property of the person assessed, and may be collected from the other personal or real property of such person;

"(4)   And if it is to be collected from the personal property, it does not become a lien upon such property until it has been seized and distrained by the sheriff, under §§ 11257 and 11258, Rem. Comp. Stat. (P. C. §§ 6957, 6958). *Pennington v. Yakima County, supra.*

"(5)   If it is to be collected from the real property

the method is provided by § 11283, Rem. Comp. Stat. (P. C. § 6952) which provides for the swearing by the county treasurer of the personal property tax onto specifically selected real property. *Scandinavian American Bank v. King County, supra.*

"(6) If the tax is not collected from the person against whom it is assessed and who owned the personal property at that time, it may be collected from a subsequent owner in whose hands the property may be at the time of the attempted collection, but in order to collect the tax from such person it must originally have been so specifically assessed that it can be traced into the hands of the person against whom the tax is sought to be enforced and there identified as being the same specific property described in the original assessment. *Mills v. Thurston County, supra.* As was noted in *Raymond v. King County, supra,* the case of *State v. Snohomish County,* 71 Wash. 320, 128 Pac. 667, apparently laid down a rule in regard to real property different than that announced in *Klickitat Warehouse Co. v. Klickitat County, supra; Puyallup v. Lakin, supra;* and *Mills v. Thurston County, supra,* which were cases involving the lien of personal property taxes." *Wilberg v. Yakima County,* 132 Wash. 219, 231 Pac. 931.

The statute now in force, so far as the same is applicable to the facts in this case, differs somewhat from our old statute and points out exactly when the tax lien attaches, and reads as follows:

"The taxes assessed upon personal property shall be a lien upon each item of personal property of the person assessed, distrained by the sheriff as provided in section 11097-86, from and after the date of the distraint and no sale or transfer of such personal property so distrained shall in any way affect the lien for such taxes upon such property." Rem. 1927 Sup., § 11097-104.

It must be remembered, in this connection, that the property assessed did not become a part of the property of the estate administered by the receivers. A

lien for personal taxes is not fixed until distraint. Such lien is the personal obligation of the owner of the chattel. A claim may be enforced as a lien upon the specific chattel assessed, wherever found (except as to stocks of merchandise sold at retail), but in this case the specific property against which this tax was assessed disappeared long prior to the appointment of the receivers. The lien for personal property taxes became fixed against the property only by some appropriate action, and the purchaser at the receivers' sale takes the property free from all claims for such taxes. *Wilberg v. Yakima County, supra.*

■ Counsel argue that it was impossible for the county to distrain at an earlier date, because of the fact that the property was already in the hands of the receivers appointed by the court, and was therefore in *custodia legis*. With this contention, we are unable to agree. The county might easily have presented its claim to the court and, either by authority of the court, seized sufficient property to secure the payment of the taxes, if it should be determined that the property was liable therefor, or, by appropriate order, required the receivers to pay the same in the order of its priority. In this case, however, the county is confronted with the fact that the fund realized from the sale of the property is only sufficient to pay receivership costs and labor claims. Our statute provides:

"Whenever a receiver or assignee is appointed for any person, company or corporation, the court shall require such receiver or assignee to pay all claims for which a lien could be filed under this chapter, before the payment of any other debts or claims, other than operating expenses." Rem. Comp. Stat., § 1153.

■ And the record is clear in this case that the labor claims ordered paid were claims for which a lien could be filed under Rem. Comp. Stat., § 1149. There is

no question, of course, but what the expenses of the receivership are prior to any claim of King county for taxes. We think it is equally clear that the labor claims are prior to any claims of King county for taxes under our decision in *Pennington v. Yakima County,* 127 Wash. 538, 221 Pac. 326.

Some claim is made by King county that there was an agreement or understanding with the receivers that the Woolen Industries, Incorporated, the nominee of the bidders, and the vendee named in the bill of sale and conveyance, transferring practically all of the property taken over by the receivers, would pay all of the personal property taxes in addition to those designated in their bid. The lower court did not so find, and we can not say that the evidence preponderates against the finding of the lower court. In any event, if the Woolen Industries, Incorporated, is liable to the county for the taxes, it is because of some contract stipulation, and statutory distraint cannot be based thereon. *Tacoma Grocery Co. v. Pierce County,* 142 Wash. 670, 253 Pac. 1079.

Judgment affirmed.

FULLERTON, C. J., ASKREN, PARKER, and MAIN, JJ., concur.