[No. 27106. Department Two. June 28, 1938.]

HOME OWNERS' LOAN CORPORATION, *Respondent,* v. BIRDIE E. MITCHELL *et al., Defendants,* THE STATE OF WASHINGTON, *Appellant.*[1]

[1]Reported in 81 P. (2d) 268.

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Tom S. Patterson, Russell F. Stark,* and *Lee L. Newman,* for respondent.

*Grinstead, Laube & Laughlin, Arthur Grunbaum, Dana E. Brinck,* and *Henry R. Newton, amici curiae.*

BEALS, J.—Under date September 12, 1934, Birdie E. and Dick O. Mitchell executed and delivered to plaintiff, Home Owners' Loan Corporation, their promissory note in the sum of $1,360, secured by mortgage on a tract of real estate in the city of Seattle, owned by the Mitchells. The mortgagors agreed to pay the loan at the rate of $14.42 per month, but having failed to make the payments called for by the note, plaintiff instituted this action, asking for judgment on the note and a foreclosure of its mortgage. Mr. Mitchell having died, Mrs. Mitchell and the unknown heirs of Dick O. Mitchell were made parties defendant. The state of Washington was also named as a defendant to the

action, under the allegation that the state claimed some interest in the property, which interest the complaint alleged was inferior and subordinate to plaintiff's mortgage.

In its answer, the state of Washington set forth, by way of an affirmative defense, that Mr. Mitchell was indebted to the state in a specified amount by way of taxes payable under the business tax law, it being further alleged that this indebtedness was due the state at the time the mortgage above referred to was filed for record. The state attached to its answer a copy of a tax warrant which it had caused to be filed in the office of the clerk of King county, November 19, 1934, and which had been entered in the execution docket in that office. This tax warrant was directed to a designated agent of the tax commission for King county, and after reciting the fact that Mr. and Mrs. Mitchell were indebted to the state for the tax, penalties, and interest, and that a specified time had elapsed, directed the agent of the tax commission "to levy upon, seize, and take into execution" the personal property of Mr. Mitchell sufficient in amount and subject to execution to satisfy the taxes, penalties, and interest, and that, if sufficient personal property could not be found, then to "make the amount of said taxes . . . out of the real property, not exempt by law, of said Dick Mitchell."

Plaintiff demurred to the affirmative defense pleaded by the state, and after argument, the trial court sustained its demurrer. The state having elected to stand on its affirmative defense, and having refused to plead further, a decree was entered foreclosing plaintiff's mortgage and adjudging that the lien of its mortgage was superior to the lien claimed by the state of Washington. From this decree, the state of Washington has appealed, assigning error upon the ruling of the trial court sustaining respondent's demurrer to the affirma-

tive defense pleaded in appellant's answer. No other defendant appealed from the decree of foreclosure, the sole question here presented being that between respondent and the state of Washington, as above set forth.

The mortgage to respondent was executed September 12, 1934, and filed for record on the 28th of the same month. Appellant caused its warrant for the collection of the unpaid business tax due from Mr. Mitchell to be filed in the office of the clerk of King county November 19, 1934.

During the past few years, the people of this state, by initiative measures, have limited the amount of the taxes which may be assessed against real estate, and the legislature, in order to raise necessary funds, has enacted various statutes directing the collection of excise and occupational or privilege taxes. In the case of *Exchange Nat. Bank v. United States,* 147 Wash. 176, 265 Pac. 722, 62 A. L. R. 139, Judge Parker, in a concurring opinion, referred to such a tax as one *in personam,* and not as a tax *in rem.* The case referred to was appealed to the supreme court of the United States (*Spokane County v. United States,* 279 U. S. 80, 73 L. Ed. 621, 49 S. Ct. 321), which quoted the language used by Judge Parker.

Appellant relies upon the ancient rule that the debt of the sovereign constitutes a claim prior to all others, and cites the provision of § 16, chapter 191, Laws of 1933, p. 888, under which statute the tax against Mr. Mitchell was levied, to the effect that "any tax due and unpaid under this act . . . shall constitute a debt due the State of Washington." In this connection, appellant cites the text of 61 C. J. 928, in which it is stated that certain statutes expressly or impliedly make a lien for taxes a lien on the realty of the taxpayer paramount to an antecedent mortgage or similar

encumbrance. This rule is recognized as to general taxes levied against the property mortgaged, but, as stated in 61 C. J. 929, § 1182, in the absence of statutory provisions making a tax on personal property a superior lien, the general rule is that such a tax is not a lien superior to a prior mortgage or like encumbrance on real property.

In the case at bar, it appears that the mortgage in favor of respondent was filed for record several weeks prior to the filing of the state's tax warrant. The warrant, however, covered taxes which accrued prior to the execution and recording of the mortgage. The state contends, however, that its lien under the warrant is superior to respondent's mortgage, for the reason that the warrant represents an indebtedness due the sovereign and is, therefore, a lien superior to respondent's mortgage, even though the record notice of appellant's lien was filed after the mortgage was filed for record.

The tax sought to be collected was levied pursuant to chapter 191, Laws of 1933, p. 869; § 15 of the act, p. 887, providing for the issuance by the tax commission of a warrant directing the levy upon and sale of the real or personal property of any tax debtor. The section above referred to was reenacted in chapter 180, Laws of 1935, p. 706 (§ 202 of that chapter, p. 839), and was amended by § 20, chapter 227, Laws of 1937, p. 1162 (Rem. Rev. Stat. (Sup.), § 8370-202 [P. C. § 7030-262]).

The statute provides that, after any tax imposed by the act shall have become due, the tax commission shall issue a warrant commanding levy and sale of the real or personal property of the taxpayer, that the warrant shall be filed in the office of the clerk of the superior court, where the same shall be entered in the judgment docket, and that, upon such filing, the amount of the warrant

". . . shall become a lien upon the title to and interest in real and personal property of the taxpayer against whom it is issued in the same manner as a judgment in a civil case duly docketed in the office of such clerk, and the sheriff shall thereupon proceed upon the same in all respects, with like effect, and in the same manner as prescribed by law in respect to executions issued against property upon judgments of said superior court. . . ."

It appears, then, that, under the law, the warrant, from the date of filing, becomes a statutory lien

". . . upon the title to and interest in real and personal property of the taxpayer against whom it is issued in the same manner as a judgment in a civil case. . . ."

The lien which the state seeks to enforce in this proceeding arose under chapter 191, Laws of 1933, and it is significant to note that § 15 of the act was carried over, without substantial change, in so far as the provisions affecting this litigation are concerned, into the later act of 1935. By chapter 227, Laws of 1937, § 20, it was provided that the amount due under a docketed warrant should be a lien prior to all other liens, except prior tax liens, upon the personal property used in the conduct of the business of the taxpayer against whom the warrant is issued, and that no sale or transfer of such personal property shall in any way affect the lien. But for this change, the section was substantially reenacted, under the provisions thereof the warrant to be a lien merely upon "title to and interest in real and personal property of the taxpayer."

It is evident that the legislature of 1937 assumed that the warrant was not a lien upon the taxpayer's property prior to all other liens, as if, under the law as it theretofore existed, the warrant constituted such a prior lien, it would have been wholly unnecessary to add an amendment to the effect that the warrant should con-

stitute such a prior lien upon the taxpayer's personal property used by him in the conduct of the business in connection with which the tax was levied.

■ Assuming that the legislature may establish a state tax as a prior lien, such a legislative intent must clearly appear. In the case of *Scandinavian American Bank v. King County*, 92 Wash. 650, 159 Pac. 786, it was contended by the county that a delinquent personal tax became a lien upon real property owned by the tax debtor at the time the tax was levied, and was superior to a voluntary lien placed on the property by the owner, or to a conveyance by him, prior in time to the date the county treasurer designated that portion of the debtor's real property as real estate to be charged with the delinquent tax, and noted the charge upon the tax rolls. In the course of the opinion, this court said:

"The state has an undoubted power to create a priority of lien in aid of its taxing power (*Carstens & Earles v. Seattle*, 84 Wash. 88, 146 Pac. 381), but the general rule is that such priority will not be indulged unless sustained by some positive statute; it will not be sustained by resort to construction."

It was held that the lien for delinquent personal taxes did not attach to real estate

". . . prior to the time specific real property is selected by the county treasurer and he has charged it by proper entry upon the tax rolls, and then only when the property is owned by the person owing the delinquent personal property tax."

In the later case of *Pennington v. Yakima County*, 127 Wash. 538, 221 Pac. 326, this court, following the case of *Scandinavian American Bank v. King County*, *supra*, said:

"This floating lien against all the personal property belonging to the person assessed, other than the particular property assessed, does not fasten or become a fixed lien until the property is seized by the sheriff

under §§ 11257 and 11258, Rem. Comp. Stat. [P. C. §§ 6957, 6958], wherein it is provided that the sheriff shall destrain goods and chattels belonging to the person charged with such taxes."

As above stated, the warrant upon which appellant relies in the case at bar became, from and after the date it was filed in the office of the clerk, a lien upon the mortgagor's title to and interest in the real property covered by the mortgage herein foreclosed, in the same manner as a judgment in a civil case duly docketed.

Considering the plain language of the statute, the history of the laws providing for the levy and collection of business and occupational taxes, and the decisions of this court above cited, we are convinced that, under the warrant upon which appellant relies, no priority over respondent's mortgage may be claimed; and that, as appellant demanded that its warrant be adjudged a prior and superior lien to that of respondent's mortgage and elected to stand upon that proposition, the trial court properly sustained respondent's demurrer to the affirmative defense to respondent's complaint set forth in appellant's answer. Apparently, appellant did not desire to foreclose its warrant as a lien junior to respondent's mortgage. No such question has been presented on this appeal.

Upon the question presented by appellant's appeal, the decree entered by the trial court was correct, and the same is hereby affirmed.

STEINERT, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.