[No. 31238. Department One. March 27, 1950.]

THE STATE OF WASHINGTON, *on the Relation . of Peoples National Bank of Washington in Seattle et al., Respondents,* v. KING COUNTY *et al., Appellants.*[1]

*Charles O. Carroll* and *K. G. Smiles,* for appellants.

*Macbride, Matthews & Hanify, F. A. Grimsdell,* and *Patrick M. Tammany,* for respondents.

GRADY, J.—This appeal is from a judgment directing the issuance of a peremptory writ of mandamus commanding

[1]Reported in 216 P. (2d) 225.

the treasurer of King county to accept from respondents the sum of two thousand seven hundred dollars in full payment of taxes assessed against personal property covered by a chattel mortgage given prior to the making of the assessments.

On July 31, 1946, the Connoisseur Wineries, Inc., gave a mortgage to the respondents upon its office furniture and its machinery and equipment. In 1948 and 1949, the assessor of King county listed and assessed the personal property belonging to the winery, segregating it into three items: (1) the office furniture, (2) the machinery and equipment, and (3) the manufactured products. Each collective item was valued for taxation purposes, and the amount of taxes upon each item became ascertainable by multiplying the valuation by the prescribed rate of levy. The taxes upon the property covered by the chattel mortgage for the two years amounted to $2,602.59. The taxes upon the manufactured products amounted to about $9,186.88.

The respondents commenced proceedings to foreclose their mortgage. The taxes had not been paid. Appellants levied a distraint upon all of the personal property covered by the mortgage and the manufactured products for the entire amount of the unpaid taxes and advertised the same for sale on July 13, 1949, at the hour of ten o'clock a.m. The respondents tendered the sum of $2,700, which was more than sufficient to pay the taxes assessed against the property covered by their mortgage, including accrued interest and costs of distraint. The tender was refused, appellants claiming that the county had a superior lien upon the personal property covered by the mortgage for the total amount of the taxes.

On July 11, 1949, the court issued an alternative writ of mandamus without notice, directing the appellants either to accept payment of the taxes assessed against the mortgaged property or to show cause before the court on the 12th of July, 1949, at the hour of ten o'clock a.m. why it had not done so. Appellants appeared and urged that the statutory notice of at least ten days, as prescribed by Rem. Rev. Stat.,

§ 1017 [P.P.C. § 16-9], had not been given. It was made to appear to the court that the time between the application for the writ and the date of the distraint sale was so short that the alternative writ would be abortive unless made returnable and heard before the sale. The court offered the appellants a continuance of the hearing on condition that they continue the distraint sale, but appellants refused. The court proceeded with the hearing and made findings of fact and rendered judgment directing the issuance of the writ of mandamus.

The appellant assigns as error the hearing on the return to the alternative writ without the giving of the statutory notice. Rem. Rev. Stat., § 1017, provides as follows:

"When the application to the court is made without notice to the party, and the writ be allowed, the alternative must be first issued; and if the application be upon due notice and the writ be allowed, the peremptory writ may be issued in the first instance. The notice of the application, when given, must be at least ten days. The writ cannot be granted by default. The case must be heard by the court, whether the adverse party appear or not."

The provision of the statute with reference to notice of at least ten days is not applicable to the situation before the court. The respondents made an application for a writ without notice, and the court followed the statute and issued an alternative writ. The statute does not fix a time for the return on an alternative writ, but this must be done by the court directing its issuance. If the time is too short for adequate preparation for hearing, the court may grant a continuance, but in doing so may impose reasonable conditions. Appellants do not contend that the court abused its discretion in setting the hearing for the following day, but urge that the ten-day notice was applicable and mandatory. In this case, the court deemed it proper to make the writ returnable before the sale; and when application was made for an extension of time to enable preparation for the hearing, it was within the discretion of the court to refuse the continuance if appellants declined to continue the sale.

Under our plan of taxation of personal property, the

owner is required to list it with the county assessor. The tax commission is required to prescribe suitable blank forms of detail and assessment lists or schedules to be used by the assessors for the listing and assessment and equalization of property, and upon which must be entered by the assessor or by the owner a full, true, and accurate statement or listing of such personal property. The assessor must determine the true and fair value of such property and enter fifty per cent of such valuation opposite each item listed. Rem. Rev. Stat., §§ 11119 and 11127 [P.P.C. § 979-69].

 Rem. Supp. 1943, § 11265 [P.P.C. § 979-493], provides:

"The taxes assessed upon each item of personal property assessed shall be a lien upon such personal property from and after the date upon which the same is listed with and valued by the County Assessor, and no sale or transfer of such personal property shall in any way affect the lien for such taxes upon such property. The taxes assessed upon personal property shall be a lien upon each item of personal property of the person assessed, distrained by the Treasurer as provided in section 86 of this act, from and after the date of the distraint and no sale or transfer of such personal property so distrained shall in any way affect the lien for such taxes upon such property . . ."

By virtue of this statute, separate tax liens attached to each of the three items of personal property as listed at the time of the respective listings and valuations in the years 1948 and 1949. In order to insure the collection of all of the personal property taxes owing by a taxpayer, the county treasurer is enabled to make up delinquencies in whole or in part by distraining other personal property of the taxpayer, and upon distraint a lien is created for the amount thereof. The lien which attaches at the time of assessment is prior to any existing chattel mortgage upon such item of property, but the lien of such mortgage is superior to the lien created by subsequent distraint of that property. *Pennington v. Yakima County,* 127 Wash. 538, 221 Pac. 326; *Wilberg v. Yakima County,* 132 Wash. 219, 231 Pac. 931, 41 A. L. R. 184;

*Lahn & Simons v. Matzen Woolen Mills,* 149 Wash. 538, 271 Pac. 830; *Mogan v. Larson,* 183 Wash. 287, 48 P. (2d) 621.

The appellants cite *Minshull v. Douglas,* 133 Wash. 650, 234 Pac. 661, and contend that it supports their theory that they were entitled to distrain the office furniture and the machinery and equipment in aid of their collection of the taxes assessed against the manufactured products, and that the distraint created a lien superior to the prior chattel mortgage. In that case, certain described farm machinery and horses had been mortgaged. The county levied taxes upon that specific property for subsequent years. The taxes were not paid. The mortgage was foreclosed, but the property was seized under a distraint warrant for the nonpayment of taxes. The court decided in that case that the tax lien against the personal property actually assessed for the tax was superior and paramount to a pre-existing mortgage on the same property. The distinction between that case and the one before us is that the taxes sought to be collected were those levied and assessed against the identical property covered by the mortgage. The tax lien attached at the time the personal property was listed and assessed, and the distraint added nothing in the way of a lien creating any priority other than that which already existed. *Ernst v. Guarantee Millwork,* 200 Wash. 195, 93 P. (2d) 404.

A mortgagee may protect his security by paying taxes which are a prior lien on the mortgaged property. 2 Wiltsie on Mortgage Foreclosure (5th ed.) 895, § 552; 51 Am. Jur. 833, Taxation, § 946. This is precisely what was done in *Pennington v. Yakima County, supra.*

When respondents made tender of the proper amount of taxes assessed against the mortgaged property, together with interest and costs, it became the duty of the appellants to accept the same.

The judgment is affirmed.

SIMPSON, C. J., SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.