[No. 21514. Department Two. November 7, 1928.]

G. W. Fowler, *Appellant*, v. Snohomish County
*et al., Respondents.*[1]

*C. J. Henderson* and *Alfred McBee,* for appellant.
*Charles R. Denney, J. L. Rucker,* and *Phil G. War-*
*nock,* for respondents.

French, J.—In June, 1927, plaintiff sold an auto-
mobile to one J. A. Stanley under what purported to
be a conditional sales contract, but which was clearly a
chattel mortgage under the decision of this court in

[1]Reported in 271 Pac. 587.

*West American Finance Co. v. Finstad,* 146 Wash. 315, 262 Pac. 636. Thereafter, Stanley having held the car for some time and being in default by reason of not making the payments called for in the contract, the plaintiff went to Stanley's place of business in Snohomish county, and was informed by Mr. Stanley that it would be impossible for him to continue to make the payments falling due on the car.

It was then agreed between Mr. Stanley and the plaintiff that the plaintiff should repossess the car and cancel the contract. All of Stanley's personal effects were removed from the car, the keys to the car were given to Mr. Fowler, and the car was by him locked. A short time thereafter, the sheriff and treasurer of Snohomish county appeared, and the automobile was distrained by the sheriff for personal property taxes due from Stanley, and possession of the car was taken from Mr. Fowler.

At the time of the distraint by the Snohomish county officers, Mr. Fowler informed them that the automobile was his, stated the facts regarding the transaction, and that he had repossessed the car, and stated that the car no longer belonged to Stanley and that Stanley had no further interest in it. It clearly appears from the evidence that the taxes for which this car was distrained by the sheriff were not taxes levied against this particular car, but were personal property taxes of J. A. Stanley upon property other than the automobile distrained, for the two years immediately prior to 1927. From a decision denying a permanent injunction restraining Snohomish county and the treasurer and sheriff from selling the automobile in question for the delinquent taxes of J. A. Stanley, this appeal is prosecuted.

We think it is clear, from the record in this case, that the appellant had repossessed this automo-

bile approximately one hour before it was distrained by the sheriff, and we think it is also clear—in fact there is no testimony to the contrary—that, if the instrument under which the automobile had been transferred by appellant to Stanley be considered as a conditional sales contract or as a chattel mortgage, it was the expressed intention of both parties that Stanley had surrendered all his right, title and interest in and to the car at the time of the repossession thereof by appellant. The personal property taxes for which this distraint was made were the personal obligation of Stanley. Part of these taxes had been levied on an automobile owned by Mr. Stanley prior to this time, and which automobile he had traded for a second automobile, the balance of the taxes being levied on this second automobile, and this he had traded in on the automobile in question.

The county contends that the tax will follow the personal property through these various changes, that is, from one car to another, by reason of the fact that the car on which the taxes were due was traded in on the other car. But the statute does not so provide.

"The taxes assessed upon personal property shall be a lien upon each item of personal property of the person assessed, distrained by the sheriff as provided in section 11097-86, from and after the date of the distraint and no sale or transfer of such personal property so distrained shall in any way affect the lien for such tax upon such property." Rem. 1927 Sup., § 11097-104.

We think it is clear that this statute means that personal property taxes do not become a lien on property, other than on the property assessed, until the distraint has actually been made, and our decisions all so hold. Snohomish county, of course, had the right to distrain the automobile on which the tax had

actually been levied, wherever that automobile could be found. But distraint cannot be made for personal property taxes where the owner of the personal property is not personally liable for the taxes, provided the tax has not been levied upon the property sought to be distrained. We think our observations in the cases of *Wilberg v. Yakima County*, 132 Wash. 219, 231 Pac. 931; *Raymond v. King County*, 117 Wash. 343, 201 Pac. 455; *Tacoma Grocery Co. v. Pierce County*, 142 Wash. 670, 253 Pac. 1079, clearly indicate that the distraint on the part of the officers of Snohomish county was unauthorized, and that the car seized was in no way liable for the taxes for which the distraint was made.

The testimony of appellant is that, while the property was in the possession of the sheriff, it depreciated in value two hundred and fifty dollars and this evidence stands uncontradicted in the record. The distraint by the sheriff being wrongful, appellant is entitled, not only to recover the car, but also to damages for the wrongful detention of the property.

Judgment reversed, with instructions to enter a judgment for the appellant for the return of the automobile or the money deposited in lieu thereof, and for damages in the sum of two hundred and fifty dollars.

ASKREN, PARKER, and MAIN, JJ., concur.

FULLERTON, C. J., (concurring in part)—With the determination of the court on the principal question involved, I agree. I cannot conclude, however, that the evidence warrants the judgment for damages directed.