[No. 27541.   Department One.   August 15, 1939.]

CHARLES F. ERNST, *as Director of the State Department of Social Security, Respondent,* v. GUARANTEE MILL-WORK, INC., *et al, Respondents,* UNITED STATES OF AMERICA, *Appellant,* KING COUNTY *et al., Respondents.*[1]

[1]Reported in 93 P. (2d) 404.

*J. Charles Dennis, Gerald Shucklin,* and *Thomas R. Winter,* for appellant.

*Mawer & Wigle,* for respondents Guarantee Millwork, Inc., *et al.*

*Kellogg, Walters & Pedersen, B. Gray Warner, Lloyd W. Shorett,* and *Edward E. Henry,* for respondents King County *et al.*

JEFFERS, J.—This is an appeal by the United States from an order of the superior court for King county, establishing priorities, ordering distribution, discharging receiver, and exonerating his bond, made and entered November 4, 1938, wherein the receiver was directed to pay the subrogation claim of J. B. Warrack for 1937 personal property taxes paid by him, the claim of King county for 1938 personal property taxes due and unpaid, and the labor claim of Mary Warrack, prior to the claim of the United States for social security and income taxes. The controversy is one between the United States, King county, J. B. Warrack,

and Mary Warrack, as to priority of payment out of the assets of an insolvent corporation.

No bill of exceptions or statement of facts having been certified to this court, we are limited, in our consideration of the questions raised, to the findings of fact, conclusions of law, and order signed by the trial court.

The findings of the trial court may be summarized as follows: On October 14, 1938, the matter came on for hearing before the court on the final report, petition for order determining priorities and for distribution, and petition for discharge, and, evidence having been introduced and considered, the court made the following findings of fact:

There remains in the hands of the receiver, for distribution, the sum of approximately $750.55, but there are not sufficient funds with which to pay a dividend in any amount to general creditors. With reference to claims heretofore filed as and/or approved by the superior court as preferred, the following facts appear:

That, on or about May 4, 1937, the county assessor of King county made a regular and valid assessment against the personal property of defendant corporation then on its operating premises, for the 1937 personal property taxes, in the sum of $245.58, including interest and penalties; that such assessment was not segregated with reference to property encumbered or free of encumbrances, and on July 25, 1938, in order to protect his interest in that part of the tangible personal property which he held under chattel mortgage, and which he had duly foreclosed and bought in at sale, J. B. Warrack paid to King county the sum of $245.58; that, on April 12, 1938, the county assessor of King county made a regular and valid assessment against the personal property of defendant corpora-

tion for 1938 personal property taxes, in the sum of $205.64, which remains due and unpaid; that no distraint was made by King county for either the 1937 or 1938 taxes; that, on October 11, 1938, J. B. Warrack filed herein a petition for order of priority of King county personal property taxes, and for subrogation of that portion of the 1937 personal property taxes paid by him;

That the portion of defendant's personal property covered by chattel mortgage held by J. B. Warrack was sold and bid in by Warrack for ten thousand dollars; that the unencumbered tangible personal property was sold for $1,508.01; that the sale price at the foreclosure sale and the price received by the receiver for the unencumbered property is a fair measurement of the value of all the property; that the claim of King county for 1938 taxes covers that portion of the unpaid personal property taxes represented by the ratio which the fund received from the sale by the receiver of the unencumbered property covered by the assessment ($1,518.01) bears to the total value of the tangible personal property received by him covered by the assessment ($11,518.01); that, based on this ratio, King county is entitled to 13.17% of $205.64, or $27.08; that J. B. Warrack is entitled to be subrogated to the rights of King county, based upon his payment of the total of 1937 personal property tax, to the extent of 13.17% of $245.58, or $32.45, which sum would have been payable to King county under its assessment lien from funds in the receiver's possession, if the same had not been satisfied by J. B. Warrack;

That Mary Warrack duly filed with the receiver her claim for wages due her from defendant corporation, in the sum of three hundred dollars; that no lien was filed therefor; that the receiver was appointed within ninety days after claimant ceased to perform such

labor; that the claimant duly qualified for preference under Rem. Rev. Stat., §§ 1149 and 1153 [P. C. §§ 9737, 9741], and asserted priority under those statutes;

That, on or about July 12, 1938, Thor W. Hendricksen, acting collector of internal revenue for the district of Washington, on behalf of the United States, filed proofs of claim covering social security taxes assessed against defendant corporation for the years 1936 and 1937, and the first quarter of 1938, and additional income tax for the year ending December 31, 1937, the social security tax being $2,223.53, plus penalty of $422.35, and interest $71.54, and the income tax $13.38; that no notice of tax liens were ever filed with the auditor of King county or the clerk of the United States district court prior to the appointment of the receiver herein, or at all; that the state did not appear at the hearing and asserted no claim to priority.

Based upon the foregoing facts, the court concluded that the claim of King county to the extent of $32.34 for personal property taxes for the year 1937 is a valid and specific lien under Rem. Rev. Stat. (Sup.), § 11265 [P. C. § 6882-104] (Laws of 1935, p. 75, § 7), against the funds in the hands of the receiver for distribution, and J. B. Warrack, having paid the 1937 taxes, is entitled to subrogation and should be by the receiver reimbursed in the amount of $32.34, prior to the payment of any other claim; that the claim of King county, to the extent of $27.08, for personal property taxes for the year 1938, is a valid and specific lien against the funds in the hands of the receiver for distribution and should be second in priority; that the claim of Mary Warrack for wages, in the sum of three hundred dollars, is a valid and specific lien under Rem. Rev. Stat., §§ 1149 and 1153, against the funds in the hands of the receiver for distribution and should be third in priority of payment; that the claim of the United

States for income and social security taxes is junior in priority to the claim of King county, J. B. Warrack, and Mary Warrack, and that, after payment by the receiver of the three claims last above mentioned, the receiver shall disburse and pay over to the United States the remainder of the funds in his hands for distribution. An order was made and entered on November 4, 1938, in accordance with the conclusions, and this appeal followed.

Respondents have moved to affirm the final order upon the record, because of the failure of appellant to include in its brief any statement of the question involved and any assignment of error. While we do not approve the style used by appellant in the preparation of its brief, we think it is apparent from appellant's analysis of the issue that its claim is based upon the provisions of U. S. Rev. Stat., §§ 3466 and 3467 (31 U. S. C. A., §§ 191, 192), and that the only error claimed, or which could be claimed, is that the order is not supported by the findings. The motion will be denied.

Appellant contends that, under U. S. Rev. Stat., §§ 3466 and 3467 (31 U. S. C. A., §§ 191 and 192), it is entitled to have its claim for social security and income taxes paid by the receiver, from funds in his hands, prior to the claims of respondents. Section 3466, *supra,* provides in part:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied."

Section 3467 provides:

"Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies

and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

On the other hand, respondents King county and J. B. Warrack contend that, under Rem. Rev. Stat. (Sup.), § 11265, a specific lien was created on certain personal property of Guarantee Millwork, Inc., prior to the appointment of the receiver; that this property came into the hands of the receiver impressed with such lien, and was sold under order of court; and that they are entitled to have their claims based upon such lien satisfied from the proceeds of such sale in the hands of the receiver, prior to appellant's claim. Section 11265, *supra,* provides in part:

"The taxes assessed upon each item of personal property assessed shall be a lien upon such personal property from and after the date upon which the same is listed with and valued by the county assessor, and no sale or transfer of such personal property shall in any way affect the lien for such taxes upon such property."

This being an action of equitable cognizance, and no statement of facts or bill of exceptions having been brought to this court, the rule is that the decree of the trial court is entitled to every presumption necessary to sustain it, *in the absence of an affirmative showing in the finding itself* that the facts necessary to sustain it did not exist. *State ex rel. Northeast Transp. Co. v. Superior Court,* 194 Wash. 262, 77 P. (2d) 1012, 82 P. (2d) 111.

We think it clear that, under § 11265, *supra,* the county is given a specific lien on the personal property assessed, from and after the date such property is listed with and valued by the county assessor, and that no distraint of such property is necessary to per-

fect such lien. *Fowler v. Snohomish County,* 149 Wash. 530, 271 Pac. 587. We are also of the opinion that, under Rem. Comp. Stat., § 11272, which was not as specific as Rem. Rev. Stat. (Sup.), § 11265, this court recognized that the statute gave a specific lien on the personal property assessed, and that distraint was not necessary to perfect the lien, except where it was attempted to impress the lien upon property other than that upon which the assessment was made. *Goodsell v. Spokane County,* 135 Wash. 669, 238 Pac. 612. In *Minshull v. Douglas County,* 133 Wash. 650, 234 Pac. 661, after referring to the statute and several of our cases, including *Wilberg v. Yakima County,* 132 Wash. 219, 231 Pac. 931, 41 A. L. R. 184, we made this statement:

"Under the various statutes and under our own decisions, it is manifest that the *personal property tax is a specific lien* against the specific property assessed; that the assessed personal property may be followed into the hands of a transferee and the assessed taxes collected." (Italics ours.)

Section 3466, *supra,* relied upon by appellant, is purely a priority statute, and no lien is created by it. *United States v. Oklahoma,* 261 U. S. 253, 67 L. Ed. 638, 43 S. Ct. 295; *Bramwell v. United States Fidelity & Guaranty Co,,* 269 U. S. 483, 70 L. Ed. 368, 46 S. Ct. 176. Whatever rights the appellant has under this statute did not attach until the receiver was appointed. *United States v. Oklahoma, supra; Spokane County v. United States,* 279 U. S. 80, 73 L. Ed. 621, 49 S. Ct. 321.

Appellant cites many cases from the supreme court of the United States to sustain its claim to priority. We have examined these cases, and find none of them that holds that the United States is entitled, under § 3466, *supra,* to priority over a claimant having a specific lien on property taken over by a receiver. In

fact, we do not understand that appellant contends it would be entitled to priority herein if respondents had such a lien, but appellant contends respondents have no such lien, because they did not actually cause the property assessed to be distrained.

Appellant relies, to a very considerable extent, on two cases from this jurisdiction, namely, *Spokane County v. United States, supra,* and *In re Dickson's Estate,* 197 Wash. 145, 84 P. (2d) 661. We do not think the case of *Spokane County v. United States* is authority for appellant's contention, for the reason that in the cited case the question of a specific lien was not in issue. This is evident from the case itself, and also from the following statement made by the court in *New York v. Maclay,* 288 U. S. 290, 77 L. Ed. 754, 53 S. Ct. 323:

"The tax held to have been subordinated in the Spokane County suit was not a perfected lien upon the property of the insolvent at the date of the receivership. 279 U. S. 80, 93, 94. The question was reserved whether a different conclusion would have been necessary if such a lien had been proved."

Neither do we think the case of *In re Dickson's Estate, supra,* purports to deal with priorities as between the United States, under § 3466, *supra,* and a claimant having a specific lien, but deals only with priorities as between general creditors.

We are therefore of the opinion that respondent King county obtained a specific lien upon the personal property of Guarantee Millwork, Inc., for the years 1937 and 1938, prior to the appointment of the receiver; that the specific property assessed came into the hands of the receiver and was sold by him under order of court; that the specific lien followed the proceeds of the sale and attached thereto; and that the claims of King county and J. B. Warrack should be paid by the

receiver from such proceeds, before the claim of appellant.

Respondent Mary Warrack claims a specific lien for labor, under Rem. Rev. Stat., §§ 1149 and 1153, and the court found that she had duly qualified for preference and priorities asserted under such statutes. Appellant contends that the claim filed by Mary Warrack is not a labor lien claim, but at most, is a preferred salary claim to the extent of one hundred dollars. However, we are, at the outset, met with the rule that, no statement of facts being here, there is no evidence before us from which we can determine what kind of work respondent may have done for the corporation, or upon what facts the court based its finding that respondent had qualified for preference, other than as may appear from the claim filed. Even though it may appear from the claim that respondent was an officer of the defendant corporation, if facts were presented to the court showing that she performed services for the corporation outside of those required of her as an officer, she would be entitled to a preferred claim for such services. *Cavanaugh v. Art Hardware & Mfg. Co.*, 124 Wash. 243, 214 Pac. 152.

We are therefore of the opinion that we must presume there was evidence from which the trial court determined respondent performed labor of such a nature as to bring her within the purview of § 1149, *supra,* which provides in part as follows:

"Every person performing labor for any person, company or corporation, in the operation of any railway, canal or transportation company, or any water, mining or manufacturing company, sawmill, lumber or timber company, shall have a prior lien on the franchise, earnings, and on all the real and personal property of said person, company or corporation, which is used in the operation of its business, to the extent of the moneys due him from such person, company or

corporation, operating said franchise or business, for labor performed within six months next preceding the filing of his claim therefor . . . ; and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien."

Section 1153 provides:

"Whenever a receiver or assignee is appointed for any person, company or corporation, the court shall require such receiver or assignee to pay all claims for which a lien could be filed under this chapter, before the payment of any other debts or claims, other than operating expenses."

Under the sections last above mentioned, a right is given to subject certain specific property to the payment of specific wage claims. These sections, in our opinion, give to one performing certain labor a specific lien on certain property. In the absence of insolvency, in order to perfect the lien, the claimant must file notice of his claim in the auditor's office, and serve a copy on the employer, as provided in Rem. Rev. Stat., § 1150 [P. C. § 9738]. However, when the employer becomes insolvent within ninety days from the time claimant ceased employment, no notice is necessary, but the lien automatically matures. *Olsen v. Smith,* 84 Wash. 228, 146 Pac. 572. See, also, *Brown v. Wilcox Lumber & Logging Co.,* 118 Wash. 336, 203 Pac. 949.

Based upon the findings of the trial court and the statutes referred to, we conclude that respondent Mary Warrack had a specific lien on the property of the insolvent corporation, and that such lien entitled her to priority over any claim of priority asserted by appellant under U. S. Rev. Stat., § 3466.

The judgment is affirmed.

BLAKE, C. J., MAIN, ROBINSON, and STEINERT, JJ., concur.