[No. 30660. Department One. December 8, 1948.]

PALACE FISH & OYSTER COMPANY, *Plaintiff*, v. N. S. BEAN *et al., Defendants.*

KING COUNTY, *Appellant*, v. THE UNITED STATES OF AMERICA, *Respondent.*[1]

[1]Reported in 200 P. (2d) 753.

*Lloyd Shorett* and *John W. Croome,* for appellant.

*Theron Lamar Caudle, George A. Stinson, Ellis N. Slack, Frank K. Foster, J. Charles Dennis, John E. Belcher,* and *Thomas R. Winter,* for respondent.

HILL, J.—On January 21, 1947, a receiver was appointed for an insolvent restaurant business in Seattle. The only assets were the furniture, fixtures, and supplies, which have been sold. At the time of trial, there remained $1,285.14 available for distribution to creditors.

The United States had claims for various taxes aggregating $1,822.31, together with penalties and interest. King county asserts priority over the United States to the extent of $156.84, because it claims a lien in that amount on the furniture, fixtures, and supplies sold by the receiver, for the personal property taxes thereon for the years 1943, 1944, 1946, 1947, and 1948. From the judgment of the trial court refusing to grant that priority, King county appeals.

The question regarding tax priorities argued in the briefs is really applicable only to the 1948 tax, in the amount of $49.30. King county failed to establish any right to priority for 1943, 1944, 1946, and 1947 personal property taxes, because it failed to prove that the property sold by the receiver was the specific property on which King county had

a lien for personal property taxes for the years in question.

█ Rem. Supp. 1943, § 11265 [P.P.C. § 979-493], provides that the tax assessed on each item of personal property shall be a lien upon such personal property from and after the date on which the same is listed with and valued by the county assessor. We have repeatedly held that the county may follow the property on which the tax is "assessed" (using the statutory language) wherever it may be found within this state, and that no distraint is necessary to perfect the lien. Personal property taxes may also be made a lien on other personal property of the person liable for the taxes, but in such a case distraint is necessary to perfect the lien. *Fowler v. Snohomish County,* 149 Wash. 530, 271 Pac. 587; *Ernst v. Guarantee Millwork, Inc.,* 200 Wash. 195, 93 P. (2d) 404. This distinction was recognized in *Spokane Merchants' Ass'n v. State,* 15 Wn. (2d) 186, 130 P. (2d) 373, where consideration was given as to what is necessary to create a specific lien.

█ King county introduced a detailed list of personal property dated February 2, 1945, which purports to be a "SCHEDULE of all PERSONAL PROPERTY belonging to Exchange Bldg. Restaurant . . . located at No. 822 . . ." First avenue, Seattle, and which shows furniture and fixtures of an assessed value of two hundred fifty dollars and goods, wares, and merchandise of an assessed value of two hundred dollars. It was on the property so listed and assessed that the tax for 1943, in the amount of $11.73, was levied (as authorized by Rem. Rev. Stat., § 11142 [P.P.C. § 979-81]); but there is no evidence that the furniture, fixtures, goods, wares, and merchandise belonging to the Exchange Building Restaurant, located at 822 First avenue, were the same property as that sold by the receiver.

The same criticism is applicable to the detailed lists of the personal property on which the 1944 and 1946 taxes were levied.

The detailed list of the personal property on which the 1947 tax was levied is dated January 16, 1946, and purports to be a "SCHEDULE of all PERSONAL PROPERTY belonging to Nat's Cafe . . . located at No. 120 . . . Cherry St. ·

. . . ," which shows furniture and fixtures of an assessed value of one thousand dollars and goods, wares, and merchandise of an assessed value of two hundred fifty dollars. If the 1943, 1944, and 1946 taxes are to be liens on the same property as the 1947 taxes, we must assume that the furniture and fixtures in the Exchange Building Restaurant at 822 First avenue, theretofore assessed at two hundred fifty dollars, are a part of the furniture and fixtures in Nat's Cafe at 120 Cherry street, now assessed at one thousand dollars. Even such an assumption, for which there is no basis, would avail nothing, because there is still no evidence that the furniture, fixtures, goods, wares, and merchandise so assessed and taxed are the same property as that sold by the receiver. So far as the furniture and fixtures at 120 Cherry street are concerned, King county in all probability could easily have established the identity of the property assessed and the property sold; but it did not do so and, consequently, failed in one of the prerequisites to the enforcement of its lien on that personal property.

■ The situation with reference to the 1948 personal property tax is entirely different. The furniture and fixtures in Nat's Cafe at 120 Cherry street were not listed or assessed until January 24, 1947, after they had passed into the possession of the receiver, so that the identity of the property assessed and taxed and the property sold cannot be questioned. Had the receiver taken possession of the property after January 24, 1947, when, under the terms of Rem. Supp. 1943, § 11265, the 1948 personal property tax became a lien thereon, the case of *Ernst v. Guarantee Millwork, Inc., supra,* would be persuasive authority for appellant's position; but we have here a situation in which it is evident that the 1948 personal property tax had not become a specific lien prior to the insolvency of the debtor.

R. S., § 3466 (31 U.S.C.A., § 191), provides that whenever a person is insolvent, any debts (including taxes) due the United States shall be first satisfied. We have held that, under this statute, the United States has priority over any claims for state taxes unless they have become a specific lien prior to the insolvency of the debtor. *Spokane Mer-*

*chants' Ass'n v. State, supra.* . That holding is decisive of the present case so far as the 1948 personal property tax is concerned.

The judgment is affirmed.

MALLERY, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.