### UNITED STATES v. ACRI et al.
#### Civ. No. 25807.

United States District Court
N. D. Ohio, E. D.
Oct. 10, 1952.

Don C. Miller, Cleveland, Ohio, for plaintiff.

W. P. Barnum, G. F. Hammond, Hugh W. Manchester, John A. Willo, and John F. Elsaesser, Youngstown, Ohio, for defendants.

JONES, Chief Judge.

This action arises under the revenue laws of the United States. It is brought by the United States to recover taxes from defendant, Michael P. Acri, and to establish priority of the Government's lien upon property of Acri in a safety deposit box at The Dollar Savings and Trust Company of Youngstown, Ohio. Defendant Edward Oravitz, a judgment creditor of Acri, by cross-petition claims a prior lien. The Government and Oravitz each move for summary judgment.

The facts controlling disposition of the motions for summary judgment have been stipulated by the parties and briefly may be stated as follows:

On August 6, 1947, defendant Oravitz as administrator of the estate of John Oravec, deceased, filed a suit in the Common Pleas Court of Mahoning County against defendant Acri for wrongful death by murder. On the same day moneys, securities, and property of Acri in the safety deposit box at The Dollar Savings and Trust Company were attached. This suit proceeded to trial and a judgment for Oravitz in the amount of $18,500 was entered on January 19, 1949.

The Commissioner of Internal Revenue, meanwhile, had assessed taxes against Acri for the years 1942 to 1946. The assessment list covering these taxes was received by the Collector on November 19, 1947, and demand for payment was mailed to Acri on November 19, 1947. Thereafter, on November 21, 1947, a notice of tax lien was filed in the office of the Recorder of Mahoning County. On the same date notice of tax lien and notice of levy were served upon The Dollar Savings and Trust Company.

On June 14, 1948, The Dollar Savings and Trust Company was appointed guardian of the estate of Michael P. Acri who had been incarcerated on his conviction for the murder of Oravec. The Bank inventoried the contents of Acri's safety deposit box on September 11, 1948. Currency in the sum of $35,821 and bonds having a total maturity value of $8,675 were found. No one had been allowed access to the box from the time of the attachment until the inventory was taken.

Considering first the question of defendant Acri's alleged tax liability in the sum of $71,543.82, summary judgment on this issue must be denied.

There is no admission by either defendant Oravitz, Acri, or the guardian of his estate that the taxes are owing, although they had been assessed. The Dollar Savings and Trust Company as guardian of Acri's estate denies any tax liability in paragraph three of its answer. While it stipulates that the only issue in this action is the question of priority of liens, an intent to admit the tax liability legally can not be attributed to it in the face of its denial in its answer. Acri, though presently incarcerated, is not "non compos mentis", and is capable of advising his counsel respecting his tax liability.

■ The jurisdiction of the court to determine the question of the priority of the liens is challenged. Controlling authorities make it clear, however, that the court has jurisdiction. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256; Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920; Wilhoit v. Federal Deposit Insurance Corp., 6 Cir., 143 F. 2d 14.

■ The property subject to the present liens is constructively in the custody of the state court by reason of the attachment. While a federal court may not disturb or affect the possession of property in the custody of a state court, Markham v. Allen, supra; U. S. v. Bank of New York, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331, it may nevertheless "adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." Markham v. Allen, supra [326 U.S. 490, 66 S.Ct. 298.]

Respecting the priority of the several liens, the Supreme Court has held that the effect and operation of a state lien in relation to a claim of priority by the United States is a federal question. State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348; U. S. v. Security Trust & Savings Bank, 340 U.S.

47, 71 S.Ct. 111, 95 L.Ed. 53. The federal court must determine whether the lien under state law is sufficiently specific and perfected to defeat the Government's priority, and in making such determination it should give weight to the state court's characterization of the lien, although such characterization is not conclusive. Illinois v. Campbell, supra; U. S. v. Security Trust and Savings Bank, supra.

Here the Ohio law allowed, and the Ohio court awarded, on January 19, 1949, a lien by virtue of defendant Oravitz' attachment levied upon the specific property of the defendant Acri, to-wit; Moneys, and bonds of Acri contained in a certain safety deposit box No. 710 of the defendant The Dollar Savings and Trust Company, guardian of Acri's estate. Ohio General Code Sections 11819, 11837; Journal Entry, Court of Common Pleas for Mahoning County, Defendant's Exhibit A attached to his answer and cross-petition.

Under Ohio law, Oravitz acquired a valid lien of the requisite specificity on Acri's property as of the date of the commencement of the attachment proceeding. Ohio General Code Section 11837. Illinois v. Campbell, supra.

The subsequent receipt of the assessment list by the Collector and the filing of an income tax lien by him accords the Government's lien only second place. 26 U.S.C.A. § 3671.

The case of U. S. v. Security Trust and Savings Bank, supra, relied upon by the Government, dealt with a California statute giving no such effectiveness to attachment proceedings and liens as does the Ohio statute.

The Ohio courts have characterized the attachment lien under Ohio law as an "execution in advance", Rempe & Son v. Ravens, 68 Ohio St. 113, 67 N.E. 282; Green v. Coit, 81 Ohio St. 280, 90 N.E. 794, and accord it equal standing with an execution lien. Shorten v. Drake, 38 Ohio St. 76. Thus they treat the attachment lien as perfected at the time the attachment is made.

In the interest of orderly administration of justice in matters of concurrent jurisdiction, this court should respect the state court's characterization of the attachment lien under Ohio law.

Accordingly, it is the judgment of the court that the attachment lien of defendant Oravitz is superior to the tax lien of the United States. Consequently, the motion for summary judgment in respect of priority of the lien of the Government must be denied, and summary judgment in that respect on the cross-petition of defendant Oravitz is granted.

Even if the court were of the opinion that there was priority in the tax lien of the Government as against the attachment lien, full summary judgment could not be granted in view of the undetermined issue of the validity and the amount of the assessment.