41 Wn.2d 317 (1952)
249 P.2d 234
In the Matter of the Receivership of CARROLL CONSTRUCTION COMPANY.
THE UNITED STATES OF AMERICA, Appellant,
v.
THE STATE OF WASHINGTON, Respondent.[1]
No. 32171.
The Supreme Court of Washington, Department One.
October 16, 1952.
J. Charles Dennis, Guy A.B. Dovell, and Thomas R. Winter (Ellis N. Slack, of counsel), for appellant.
The Attorney General and C.R. Nelson, Assistant, for respondent.
MALLERY, J.
On August 8, 1950, the director of the Washington state employment security department caused notice of lien for taxes in the sum of $3,057.88, then due and owing by the Carroll Construction Company, to be filed with the auditor of Pierce county. The notice set out item by item the particular articles of personal property against which the lien was claimed, so that they could be identified exactly and with particularity. Under the provisions of RCW 50.24.050 [cf. Rem. Supp. 1947, § 9998-231], this lien *318 was good against these specific articles in any county in the state to which they might be taken.
[1, 2] Such a lien has been construed to be specific and perfected as was said in Palace Fish & Oyster Co. v. Bean, 32 Wn. (2d) 56, 200 P. (2d) 753:
"We have repeatedly held that the county may follow the property on which the tax is `assessed' (using the statutory language) wherever it may be found within this state, and that no distraint is necessary to perfect the lien."
On August 11, 1950, the tax lien of the Federal government, here in question against the company, attached when the tax assessment list was received by the collector of internal revenue. Thereafter, and on August 30, 1950, a receiver was appointed for the company, which was insolvent, and thereupon the United States tax had priority of claim against the assets in the hands of the receiver under the purview of the Revised Statutes of the United States, § 3466, 31 U.S.C., § 191, unless, under the Federal decisions, the state's prior lien for taxes was "specific and perfected."
The test of a specific and perfected lien, as laid down in the most recent supreme court decisions, is found in Illinois v. Campbell, 329 U.S. 362, 91 L.Ed. 348, 67 S.Ct. 340, in which it said:
"The long-established rule requires that the lien must be definite, and not merely ascertainable in the future by taking further steps, in at least three respects as of the crucial time. These are: (1) the identity of the lienor, United States v. Knott, 298 U.S. 544, 549-551; (2) the amount of the lien, United States v. Waddill Co., 323 U.S. at 357-358; and (3) the property to which it attaches, United States v. Waddill Co., supra; United States v. Texas, supra [314 U.S. 480]; New York v. Maclay, supra [288 U.S. 290]. It is not enough that the lienor has power to bring these elements, or any of them, down from broad generality to the earth of specific identity."
The sole question to be decided in this case is whether the United States or the state of Washington has a right to the $619.84 for which the receiver sold the items enumerated in the state's notice of lien.
*319 We resolve that question, as did the trial court, by holding that the lien of the state of Washington for taxes was specific and perfected under Washington law, and as required by the test laid down in Illinois v. Campbell, supra.
The judgment is affirmed.
GRADY, HAMLEY, DONWORTH, and WEAVER, JJ., concur.
December 4, 1952. Petition for rehearing denied.
NOTES
[1] Reported in 249 P. (2d) 234.