[No. 33498. Department Two. April 5, 1956.]

LOUISE WEITZ, *Respondent*, v. ELECTROVATION, INC., *et al.*, *Defendants*, THE STATE OF WASHINGTON, *Respondent*, THE UNITED STATES OF AMERICA, *Appellant.*[1]

*William B. Bantz, William M. Tugman*, and *Dale M. Green*, for appellant.

*Cameron Sherwood*, for respondent Weitz.

*The Attorney General* and *James J. Krinbring, Assistant*, for respondent state of Washington.

ROSELLINI, J.—This appeal involves a dispute between the United States and the state of Washington as to the priorities of their respective liens against the proceeds of a mortgage and lien-foreclosure sale of a parcel of real estate located in Spokane county, belonging to the defendant Electrovation, Inc. It is before us on an agreed statement of facts, which reveals that the Federal government's liens for withholding tax, Federal insurance contributions, and

[1]Reported in 295 P. (2d) 728.

Federal unemployment tax became effective at various dates between July 31, 1950, and January 8, 1951, the dates the assessment lists were received by the collector of internal revenue. These liens were all recorded on December 12, 1951, with the auditor of Spokane county.

It appears from the statement of facts that the liens of the state tax commission were filed with the county clerk on April 13, 1950, and April 19, 1951; the lien of the department of labor and industries was filed with the county auditor on November 8, 1951, and the lien of the employment security department was filed with the county auditor on October 23, 1950. The work for which the workmen's compensation premiums were incurred commenced on January 1, 1950. Under the view we take of the case, it is unnecessary to set forth here the amounts of the various liens and the exact dates on which they attached or were recorded.

In providing for the distribution of the proceeds of the foreclosure sale, which amounted to $7,500, the trial court gave the following priorities:

(1) Lien of Spokane county for real-estate taxes, in the sum of $643.15, with interest at eight per cent per annum from April 1, 1954;

(2) Lien of state department of labor and industries, in the amount of $910.94, with interest thereon at the legal rate from November 8, 1951, until paid, together with costs and disbursements;

(3) Mortgage of the plaintiff, Louise Weitz, in the principal sum of $3,000, with interest in the sum of $1,312.50 to April 30, 1955, with interest at seven per cent per annum on the principal from that date until paid; reasonable attorney's fees, $650; and costs and disbursements taxed in the sum of $114.65;

(4) Lien of the state employment security department, in the amount of $1,083.78, together with interest from September 1, 1952, at the rate of one per cent per month until paid;

(5) Lien of the state tax commission in the amount of $3,662.18, with interest at one per cent per month from September 1, 1952, until paid;

(6) Lien of the United States of America in the amount of $4,107.03, with interest at six per cent per annum from December 12, 1951, until paid, and costs in the amount of $20.

It is conceded by the appellant and the respondent that the county taxes should be paid first, and we do not inquire into the propriety of that determination.

The appellant, the United States, contends that, on the date the assessment rolls are received by the collector, the lien of the United States for taxes becomes effective (1) against all subsequent liens other than those of a mortgagee, pledgee, purchaser, or judgment creditor perfecting his lien before the lien of the United States is recorded, and (2) against all prior liens which have not been perfected. Appellant further contends that none of the liens of the state were perfected either prior to the date the assessment rolls were received or prior to the date the liens of the United States were recorded, and that, consequently, all of the claims of the United States should be satisfied before those of the state.

It is the contention of the respondent state of Washington that (1) the lien of the employment security department was perfected by the filing of the lien in the office of the county auditor of Spokane county on October 23, 1950, and the lien of the department of labor and industries was perfected by the filing of the lien in the office of the county auditor on November 8, 1951; and (2) these liens having been perfected prior to the date the Federal lien was perfected (December 12, 1951), the rule of "first in time, first in right" requires that they be given priority. The respondent makes no argument in support of the priority given by the superior court to the claim of the tax commission.

The lien of the United States is claimed under the following provisions of Title 26, U. S. C. 1946 ed.:

§ 3670. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." (53 Stat. 448.)

§ 3671. "Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." (53 Stat. 449.)

§ 3672. "Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector . . . in the office in which the filing of such notice is authorized by . . . law . . . ."

The lien statute created for the employment security department is found in RCW 50.24.050, the pertinent portions of which read:

"The claim of the unemployment compensation division for any contributions, including interest thereon, not paid when due, shall be a lien prior to all other liens or claims and on a parity with prior tax liens against property of the employer. In order to avail itself of the lien hereby created, the unemployment compensation division shall file with the county auditor of the county in which such property is located a statement in writing describing in general terms the specific property upon which the lien is claimed and stating the amount of the lien claimed by the division."

The lien statute created for the department of labor and industries is found in RCW 51.16.170, which provides *inter alia*:

"The lien created by this section shall attach from the date of the commencement of the labor upon such property for which such premiums are due. In order to avail itself of the lien hereby created, the department shall, within four months after the employer has made report of his payroll and has defaulted in the payment of his premiums thereupon, file with the county auditor of the county within which such property is then situated, a statement in writing describing in general terms the property upon which a lien is claimed and stating the amount of the lien claimed by the department. If any employer fails or refuses to make report of his payroll, the lien hereby created shall continue in full force and effect, although the amount thereof is undetermined and the four months' time within which the department shall file its claim of lien shall not begin to run until the actual receipt by the department of such payroll report. From and after the filing of such claim of lien, the depart-

ment shall be entitled to commence suit to cause such lien to be foreclosed in the manner provided by law for the foreclosure of other liens on real or personal property, and in such suit the certificate of the department stating the date of the actual receipt by the department of such payroll report shall be *prima facie* evidence of such fact."

The lien statute of the tax commission is found in RCW 82.32.210-.220, the pertinent portions of which are as follows:

RCW 82.32.210 "If any tax, increase, or penalty or any portion thereof is not paid within fifteen days after it becomes due, the tax commission may issue a warrant under its official seal directed to the sheriff of any county of the state, commanding him to levy upon and sell the real and/or personal property of the taxpayer found within his county, or so much thereof as may be necessary, for the payment of the amount of such warrant, together with interest thereon."

RCW 82.32.220 "The sheriff shall file with the clerk of the superior court of his county a copy of the warrant, and thereupon the clerk shall enter in the judgment docket, the name of the taxpayer mentioned in the warrant and in appropriate columns the amount of the tax or portion thereof and any increases and penalties for which the warrant is issued and the date when such copy is filed, and thereupon the amount of such warrant so docketed shall become a specific lien upon all goods, wares, merchandise, fixtures, equipment, or other personal property used in the conduct of the business of the taxpayer against whom such warrant is issued. . . . The amount of such warrant so docketed shall thereupon also become a lien upon the title to and interest in all other real and personal property of the taxpayer against whom it is issued the same as a judgment in a civil case duly docketed in the office of such clerk, and the sheriff shall thereupon proceed upon the same in all respects and with like effect as prescribed by law with respect to execution or other process issued against rights or property upon judgments of the superior court. Such warrants so docketed shall be sufficient to support the issuance of writs of garnishment in favor of the state in the manner provided by law in the case of judgments wholly or partially unsatisfied."

The provisions of RCW 82.32.210-.220 quoted above are substantially the same as those contained in chapter 180,

Laws of 1935, § 202, p. 839, as amended by chapter 227, Laws of 1937, § 20, p. 1162, which were construed by this court in *Spokane Merchants' Ass'n v. State,* 15 Wn. (2d) 186, 130 P. (2d) 373 (1942), a case dealing with priority of liens upon the property of an insolvent debtor. We held that the lien which the state acquires upon the property of a taxpayer for unpaid occupation taxes through the filing of warrants is only an inchoate, general lien, which can become specific only by distraint or levy of execution; and where the state took no steps to make its lien specific until it laid claim to the proceeds from the sale of the taxpayers' assets, the lien did not operate to defeat the priority right of the United States under 31 U. S. C., § 191, which gives the debts due the United States priority over other debts of an insolvent. The Federal courts had previously held that the claims of the United States were inferior to those of a mortgagee (*Conard v. Atlantic Ins. Co.*, 1 Peters (26 U. S.) 386, 7 L. Ed. 189), but superior to those of general judgment creditors. *Thelusson v. Smith,* 2 Wheat. (15 U. S.) 396, 4 L. Ed. 271. In this respect, the Federal claims are given greater protection under 31 U. S. C. § 191 than under 26 U. S. C. § 3672, which gives priority to judgment creditors.

It is immediately apparent, from a reading of the statutory provisions protecting the claims of the employment security department, the department of labor and industries, and the tax commission, that the claims of the tax commission are made more secure than those of the other two agencies. The warrants of the tax commission are equivalent to judgments; whereas, the claims of the employment security department and the department of labor and industries are mere liens, which require foreclosure before they obtain the force and effect of judgments. If the liens of the tax commission are not "specific and perfected" until distraint or levy, much less so are the liens of the other agencies.

In order for a general lien to achieve priority over a Federal internal revenue lien, it must have become specific and perfected, within the meaning given to those terms by the Federal courts, prior to the date the assessment rolls

are received by the collector. *Fleming v. Brownfield,* 47 Wn. (2d) 857, 290 P. (2d) 993. As we pointed out in that case, since 1950, the Federal courts have consistently held that, in order for a lien to become "specific and perfected," the claim must be reduced to judgment.

The liens of the state not having become specific and perfected prior to the effective date of the Federal liens, the trial court erred in giving them priority.

We are not called upon to decide whether, in view of the decisions in *Roeblings Sons Co. v. Frederickson Logging & Tbr. Co.,* 153 Wash. 580, 280 Pac. 93 (1929), and *State v. Lawton,* 25 Wn. (2d) 750, 172 P. (2d) 465 (1946), the court properly placed the lien of the department of labor and industries ahead of the mortgage. No appeal was taken by the mortgagee, Louise Weitz, from that portion of the judgment which gave to the lien of the department of labor and industries priority over her mortgage. This being the case, the priority should be preserved in the distribution of the proceeds, and the amount of the department's lien should be paid out of the sum allotted to the mortgagee. By the same token, the priority of the lien of the employment security department over that of the tax commission should be retained, since the propriety of that determination has not been questioned.

Applying the rules of priority herein announced, the result would be as follows:

1. Lien of Spokane county (this priority was not contested);
2. Lien of the department of labor and industries (to be deducted from the total amount of the Weitz mortgage);
3. Mortgage of the plaintiff, Louise Weitz (the difference between the amount of the labor and industries' lien and her mortgage judgment);
4. Lien of the United States government;
5. Balance of plaintiff Louise Weitz' mortgage (since both the mortgage and the lien of the department of labor and industries are superior to the liens of the employment security department and the tax commission);

6. Lien of the state employment security department;
7. Lien of the state tax commission.

The judgment is reversed in part and the cause remanded, with instructions to enter a decree in accordance with the views expressed herein.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.