[No. 4226–II.   Division Two.   April 13, 1981.]

*In the Matter of* XELCO CORPORATION.

*William H. Rubidge, Assistant Attorney of the United States,* for appellant.

*Frank P. Girolami, Fred G. Enslow,* and *John Miller,* for respondents.

PEARSON, J.—The United States Government appeals a Superior Court order establishing priorities for distribution of assets in a voluntary dissolution proceeding. The Superior Court gave priority to the claims of wage earners of the company, Xelco Corporation, over the claims of the federal government. We reverse.

Xelco Corporation shareholders filed a petition for voluntary dissolution of the corporation on May 13, 1974, under RCW 23A.28.020. A receiver was appointed the next day. Among the creditors filing timely claims with the receiver were the Internal Revenue Service, the Defense Contract Administration of the Department of Defense, and 83 former employees.

The IRS claim is for federal employment and Federal Insurance Contributions Act taxes. The Defense Department claim is for progress payments and reprocurement costs due under contracts with a division of Xelco Corporation. The employees' claim is for wages due them for work performed through May 10, 1974, which claim they assert pursuant to RCW 60.32.010. Thirty-four of these wage claimants recorded their liens with the Pierce County Auditor's office, pursuant to RCW 60.32.020.[1] The other 49

---

[1] A wage claimant is given a prior lien on a corporation's property for wages due him for work performed, under RCW 60.32.010. RCW 60.32.020 requires the

claimants did not record their liens, but claim perfected status because of the 90–day automatic perfection provision of RCW 60.32.050.

After gathering the assets of the corporation and paying administrative expenses, the receiver found insufficient funds available to pay all the priority claims. The Superior Court held that all the wage claimants had valid and per-fected liens which should be satisfied first before the claims of the federal government.

The assertion of priority by the United States, both at the trial court and here, is based on 31 U.S.C.A. § 191 (hereinafter cited as § 191).

■ Section 191 provides in substantive part:

> Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insuf-ficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof . . .

Section 191 creates a priority for payment of all debts due the federal government and applies only when an insolvent debtor assigns his property to a third person for his credi-tors' benefit. *Bramwell v. United States Fidelity & Guar. Co.*, 269 U.S. 483, 490, 70 L. Ed. 368, 372, 46 S. Ct. 176, 178 (1926). The priority arises at the time of this transfer or when the debtor loses control of his property. *Massachu-setts v. United States,* 333 U.S. 611, 617 n.8, 626, 92 L. Ed. 968, 974, 979, 68 S. Ct. 747, 751, 756 (1948).

■■ All of the wage claimants argue that their claims are prior perfected liens under state statute. Some of the

---

wage claimant to file notice of his claim with the county auditor in order to per-fect his lien. The filing must be done within 90 days after the worker has ceased to perform work for that employer. Failure to file invalidates the worker's prior perfected lien.

Under RCW 60.32.050, this procedure is not required when a receiver is appointed for the corporation. In that case, the wage claim is automatically per-fected if it could otherwise have been perfected by filing under RCW 60.32.020.

claimants recorded their liens, thereby perfecting them under the statutory provisions. The date of recordation is not reflected in the record, but it apparently followed the appointment of the receiver. The other wage claims were perfected with the appointment of the receiver. Assuming all the wage claims were perfected with the receiver's appointment,[2] the wage claims must be given a lower priority than those of the federal government. The case rests on the doctrine of federal supremacy. The same event, the debtor's insolvency, calls into play both the state labor lien statute and the federal priority statute. *United States v. Division of Labor Law Enforcement,* 201 F.2d 857 (9th Cir. 1953); *see also* 63 Yale L.J. 905, 907 n.14 (1954). Federal law is supreme over state law where they conflict. U.S. Const. art. 6, cl. 2; *Bennett–Ireland, Inc. v. American Aluminum Prods. Co.,* 59 Wn.2d 670, 369 P.2d 957 (1962).

The only possible lien that may defeat the priority given to federal claims is a choate lien, one that is specific and perfected *prior* to insolvency.[3] *Spokane County v. United States,* 279 U.S. 80, 73 L. Ed. 621, 49 S. Ct. 321 (1929); *Palace Fish & Oyster Co. v. Bean,* 32 Wn.2d 56, 200 P.2d 753 (1948); *Spokane Merchants' Ass'n v. State,* 15 Wn.2d 186, 130 P.2d 373 (1942). The federal statute may in practice defeat all liens except a previously executed mortgage. *Conard v. Atlantic Ins. Co.,* 26 U.S. (1 Pet.) 386, 7 L. Ed. 189 (1828); *see also United States v. Texas,* 314 U.S. 480, 86 L. Ed. 356, 62 S. Ct. 350 (1941).

---

[2]In the findings of fact, the trial court specifically found that all of the wage claimants had met the requirements of RCW 60.32.050. This statute would make these liens mature on the date the receiver is appointed regardless of recordation, which is the same date the federal priority arises.

[3]The word "may" is used because the Supreme Court has stated that the question of whether the federal priority is defeated by a prior specific and perfected lien has yet to be answered. *See Illinois ex rel. Gordon v. Campbell,* 329 U.S. 362, 91 L. Ed. 348, 67 S. Ct. 340 (1946); *United States v. Texas,* 314 U.S. 480, 86 L. Ed. 356, 62 S. Ct. 350 (1941). The Supreme Court has even stated that the priority created by § 191 is an *absolute* priority. *United States v. New Britain,* 347 U.S. 81, 85, 98 L. Ed. 520, 525, 74 S. Ct. 367, 370 (1954).

Whether a lien is specific and perfected for purposes of § 191 priority is a matter of federal law. *United States v. Waddill, Holland & Flinn, Inc.,* 323 U.S. 353, 356–57, 89 L. Ed. 294, 299–300, 65 S. Ct. 304, 306 (1945); *Kimbell Foods, Inc. v. Republic Nat'l Bank,* 557 F.2d 491 (5th Cir. 1977). A choate lien under federal law is specific as to the identity of the lienor, the property subject to the lien, and the amount of the lien. *Illinois ex rel. Gordon v. Campbell,* 329 U.S. 362, 91 L. Ed. 348, 67 S. Ct. 340 (1946). A further require-ment is that the lien must have resulted in a change of title or possession. *United States v. Gilbert Assocs., Inc.,* 345 U.S. 361, 97 L. Ed. 1071, 73 S. Ct. 701 (1953); *New York v. Maclay,* 288 U.S. 290, 77 L. Ed. 754, 53 S. Ct. 323 (1933). If these elements are met, then the lien would be choate and could perhaps defeat the federal priority.

In this case, the liens of the wage claimants are not choate. Although the identity of the lienors and the amount of the liens is clear, the property subject to the lien is not specific enough. RCW 60.32.010 provides that the lien shall be on the franchise, earnings, and on all real and personal property used in the business. This type of broad language has been found to be too broad to meet the specificity requirement of choateness. *Illinois ex rel. Gordon v. Campbell, supra.* There further was no change of title or possession. Even if these claims could be considered choate, none of them antedate the federal claims. They all arose at or after the time the priority of the federal claims attached.

The trial court relied on *Ernst v. Guarantee Millwork, Inc.,* 200 Wash. 195, 93 P.2d 404 (1939), in giving priority to the wage claimants over the federal government. *Ernst* construed the same state statute at issue here,[4] and held that a lien for wages was a specific lien and had priority over the federal government's claim for taxes.

The validity of the *Ernst* decision has since been ques-tioned by the Washington Supreme Court in *Fleming v.*

---

[4]RCW 60.32.010 was formerly Rem. Rev. Stat. § 1149 at the time of the *Ernst* decision and is thus cited as such therein.

*Brownfield,* 47 Wn.2d 857, 290 P.2d 993 (1955). The court in *Fleming* found that a filed mechanics' and materialmen's lien, pursuant to RCW 60.04.060, was not specific or perfected and was, therefore, inferior to a subsequent federal lien under § 191. The court stated that "[i]n view of the recent decisions of the United States supreme court which we have analyzed, the *Ernst* case may no longer be authority" for the principle that a lien for labor is entitled to priority over the government's lien for taxes. *Fleming v. Brownfield,* 47 Wn.2d at 865. Further questioning of the *Ernst* decision is found in *Bennett–Ireland, Inc. v. American Aluminum Prods. Co., supra.* The *Bennett–Ireland* court, in holding that the debts due the United States are to be satisfied before any of the wage claims are paid, stated that the federal statute provides priority to the federal claims *uniformly* over wage claims. The court cited *United States v. Emory,* 314 U.S. 423, 86 L. Ed. 315, 62 S. Ct. 317 (1941), for this proposition.

█ A further comment should be made regarding an equal protection argument that was raised in this case during oral argument. The contention is that an employee is denied the equal protection of the law where a third party, over whom the employee has no control, may choose to file a voluntary dissolution rather than file in bankruptcy. Bankruptcy proceedings would afford the employee's claim for wages a priority higher than that of the federal government under § 507 of the Bankruptcy Code. 11 U.S.C.A. § 507. However, § 507[5] was not intended by Congress to remedy a denial of equal protection by modifying or superseding § 191. *United States v. Emory, supra.* The employee is not denied equal protection where the third party may choose among several insolvency proceedings, thereby affecting the priority to be given the employee's claim for

---

[5]Section 104.a of the old Bankruptcy Act, 11 U.S.C.A. §§ 1–1103 (superseded by 11 U.S.C.A. §§ 101–151326, effective October 1, 1979) is the section construed in *United States v. Emory, supra.* Section 507 is the more recent version and is the same as § 104.a in relevant part.

wages. *Krauth v. Mid–Ohio Indus., Inc.,* 2 U.S. Tax Cas. (CCH) ¶ 9512 (1972).

Reversed and remanded for further consideration in light of this opinion.

PETRIE, A.C.J., and PETRICH, J., concur.